WALDO P. CLEMENT, *Plaintiff in Error,* v. THOMAS E. WATSON, *Defendant in Error.*

1. While the navigable waters in the State and the lands under such waters including the shore or space between high and low water marks, are held by the State for the purpose of navigation and other public uses, subject to lawful governmental regulation, yet this rule is applicable only to such

waters as by reason of their size, depth and other conditions are in fact capable of navigation for useful public purposes.

2. Waters are not under our law regarded as navigable merely because they are affected by the tides.

3. The shore of navigable waters which the sovereign holds for public uses is the land that borders on navigable waters and lies between ordinary high and ordinary low water mark. This does not include lands that do not immediately border on the navigable waters, and that are covered by water not capable of navigation for useful public purposes, such as mud flats, shallow inlets, and low lands covered more or less by water permanently or at intervals, where the waters thereon are not in their ordinary state useful for public navigation.

4. Lands not covered by navigable waters and not included in the shore space between ordinary high and low water marks immediately bordering on navigable waters, are the subjects of private ownership, at least when the public rights of navigation, etc., are not thereby unlawfully impaired.

5. Where an individual owns the land covered by a small non-navigable cove that is affected by the tide, the owner may make a portion of the cove navigable for his own private purposes without losing his fishing rights in the waters over his land in the cove.

Writ of error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Hudson & Boggs,* for Plaintiff in Error;

*R. B. Gautier,* for Defendant in Error.

WHITFIELD, C. J.—An action was brought by Waldo P. Clement to recover damages for an alleged assault

upon him by Thomas E. Watson in excluding him from fishing privileges in waters on lands owned by Mrs. Watson that are affected by the ebb and flow of the ocean tides, in Dade County, Florida. The court refused to give instructions requested by the plaintiff upon the theory that in water subject to the daily ebb and flow of the ocean tides, the defendant could have no private or exclusive ownership, and could have no control to regulate fishing thereon. A verdict for the defendant was directed by the court and judgment entered thereon, to which the plaintiff took writ of error. Under the statutes of this State the husband has the care and management of the wife's property. Sec. 2589 Gen. Stats. of 1906.

It is agreed that the title to the property was derived indirectly from the United States Government; that the title covers and includes a cove where the alleged assault was made; that the cove is surrounded by the Watson property except the mouth of the cove which meets the waters of New River Sound; that the mouth of the cove is about 300 feet wide; that a sand bar which runs across the mouth of the cove is almost bare at low tide, but is covered at high tide; that the waters in the cove are subject to the ebb and flow of the tide. It also appears that originally the waters in the cove were very shallow and not useful for the public purpose of navigation; that the cove is small and narrows from its mouth to its terminus on the Watson lands; that Watson's predecessor in title dredged a channel sixteen feet wide and a place for a yacht to lay in at low water in the cove so as to make the wharf accessible by small craft; that the Watson residence is near the cove and the family wharf extends into the cove from the land.

While the navigable waters in the State and the lands under such waters including the shore or space between

high and low water marks, are held by the State for
the purpose of navigation and other public uses, subject
to lawful governmental regulation, yet this rule is appli-
cable only to such waters as by reason of their size, depth
and other conditions are in fact capable of navigation
for useful public purposes. Waters are not under our law
regarded as navigable merely because they are affected
by the tides.

The shore of navigable waters which the sovereign
holds for public uses is the land that borders on navigable
waters and lies between ordinary high and ordinary low
water mark. This does not include lands that do not
immediately border on the navigable waters, and that
are covered by water not capable of navigation for useful
public purposes, such as mud flats, shallow inlets, and low
lands covered more or less by water permanently or at
intervals, where the waters thereon are not in their ordi-
nary state useful for public navigation. Lands not cover-
ed by navigable waters and not included in the shore
space between ordinary high and low water marks im-
mediately bordering on navigable waters, are the subjects
of private ownership, at least when the public rights of
navigation, etc., are not thereby unlawfully impaired.
State ex rel. Ellis v. Gerbing, 56 Fla. 603, 47 South. Rep.
353; Broward v. Mabry, 58 Fla. 398, 50 South. Rep. 826;
Sullivan v. Spotswood, 82 Ala. 163, 2 South. Rep. 716;
State v. Pacific Guano Co., 22 S. C. 50; Rowe v. Granite
Bridge Corporation, 21 Pick. (Mass.) 344; Glover v.
Powell, 10 N. J. Eq. 211; Wethersfield v. Humphrey, 20
Conn. 218; Angell on Tide Waters, 89; Burns v. Crescent
Gun & Rod Club, 116 La. 1038, 41 South. Rep. 249; 29
Cyc. 293; Chisolm v. Caines, 67 Fed. Rep. 285.

While in its original state the cove in which the alleged
assault was committed was, by reason of its size and the

shallowness of the water therein, manifestly not capable of navigation for useful public purposes; and the cove is not a part of the shore of the navigable waters in the sound adjacent to the cove. This being so the cove was a subject of private ownership which included fishing privileges therein. The fact that a part of the cove was made navigable by artificial means after it became private property, did not take away the right of the owner to control the fishing privileges therein subject to law. See Schulte v. Warren, 218 Ill. 108, 75 N. E. Rep. 783, 13 L. R. A. (N. S.) 745.

It appears to be conceded that if the defendant had a right to exclude the plaintiff from fishing privileges in the cove, the alleged assault was not unlawful. In this view no reversible error is made to appear since the damages claimed are only for the consequences of the alleged unlawful assault.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.