MONROE, J.
This is a suit for the appointment of a receiver and an injunction. Plaintiff owns one half of the stock of the defendant corporation and the two defendants, in injunction, who bear the name of Stock, own the other half, the three constituting the board of directors, and plain *415 tiff being president of the corporation, Charles I-I. Stock vice president, and W. Fred. Stock secretary-treasurer. In a suit previously instituted, plaintiff, upon various grounds, asked that a receiver be appointed, and the defendants named enjoined from doing certain things, and, from a judgment dismissing his application for the appointment of the receiver, but, maintaining the preliminary injunction which was issued, he appealed to this court, where, the case having been argued with the instant case, the judgment appealed from has been reversed, in so far as the right to the appointment of a receiver was denied, and affirmed, in so far as the injunction was maintained. Brock v. Automobile Livery & Sales Co. et al., ante, 404, 58 South. 21, No. 19,101, this day decided.
Shortly after taking the appeal referred to, plaintiff instituted this suit, in which he alleges and on the trial proved that defendants, and particularly Mr. Fred. Stock, have used, and have withheld, funds of the corporation in disregard of the provisions of the charter and of the rules established by the board of directors of which they are members and in violation of the pending injunction. And on the case presented there was judgment for plaintiff, as prayed for, from which defendants have appealed. Having found from the facts disclosed in the transcript No. 19,101 that the defendants Stock have been usurping the powers of the corporation, denying to plaintiff the enjoyment of his rights as stockholder, director and president, and thereby jeopardizing his interest and mismanaging the affairs of the corporation, we need only say that .the transcript now before us, which shows the unauthorized use and withholding of corporate funds, confirms the conclusion thus reached.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at the costs of the defendants W. Fred. Stock and Charles H. Stock.