(68 South. 195)

No. 20777.

BROCK v. AUTOMOBILE LIVERY & SALES CO.

(April 12, 1915.)

*(Syllabus by Editorial Staff.)*

CORPORATIONS ☞565—RECEIVERSHIPS—ATTORNEY'S FEES.

Where though in a suit by the owner of one-half of the stock in a corporation, in which a receiver was appointed for the corporation, the corporation was nominally or technically a defendant, and though the attorneys for the defendants nominally or technically rendered services to it, the litigation was in reality between plaintiff and the owners of the remainder of the stock, and a good part of the services in court and the services out of court, consisting of consultations and attempts at adjustment, were rendered to the defendant stockholders, the court properly refused, in passing upon the final account of the receiver, to require payment of the attorneys for either party by the corporation, the corporation being insolvent and unable to pay its debts in full.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2281, 2282; Dec. Dig. ☞565.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Richard Brock against the Automobile Livery & Sales Company. From a judgment rejecting oppositions to the final account of a receiver, certain parties appeal. Affirmed.

See, also, 130 La. 404, 58 South. 21, and 130 La. 414, 58 South. 25.

Foster, Milling, Brian & Saal, of New Orleans, in pro. per. Woodville & Woodville, of New Orleans, in pro. per. Frank N. Butler, of New Orleans, for Bank of Orleans. Hugh C. Cage, Louis H. Burns, H. M. Ansley, and C. I. Denechaud, all of New Orleans, for various parties in interest.

PROVOSTY, J. The Automobile Livery & Sales Company was a corporation whereof Richard Brock was president and C. H. and W. F. Stock brothers, were respectively vice president and secretary-treasurer. The three composed the board of directors, and owned the entire stock—Brock one half, and the other two the other half. Dissension arose very soon after the organization of the corporation. The Stocks excluded Brock from participation in the affairs of the corporation, and he brought suit. He asked for an injunction against the two Stocks enjoining them from usurping the functions of the board of directors and from denying him access to the books and papers

of the company and from using or dealing with the property and assets of the company; and, on various grounds, among which was that of mismanagement of the affairs of the company, asked for the appointment of a receiver. An injunction issued accordingly. Judgment went for defendant, denying the prayer for the appointment of a receiver; but "without prejudice to the injunction." Brock appealed to this court; and in this court C. H. and W. F. Stock filed an answer praying that judgment be reversed in so far as maintaining the injunction. Pending that appeal, Brock filed another suit for the appointment of a receiver, alleging further acts of mismanagement and usurpation on the part of the Stocks, and in this second suit a receiver was appointed, and the defendants appealed. For the decisions on the two appeals see 130 La. 404, 58 South. 21, and 130 La. 414, 58 South. 25. Both of the suits were against both the corporation and the two Stocks. In the first of them the defendants were represented by the law firm of Woodville & Woodville and in the second by the law firm of Foster, Milling, Brian & Saal. The receiver has filed a final account of his administration, and the present controversy involves oppositions filed to the account by the said law firms, claiming that their services in defending the said suits were rendered to the corporation and should be paid for by the corporation, and that they should be placed on said account as preferred creditors of the corporation. The learned trial judge found that the services had in reality been rendered to the Stocks, and rejected the oppositions.

The corporation is insolvent. By the receiver's account it will pay only 65 cents on the dollar. The claims of the opponents if allowed would therefore be payable out of the amount coming to the creditors, or, in other words, by the creditors.

The contention of the opponents is, that in resisting the appointment of a receiver for the corporation, they were representing the corporation. To some extent they were, for the corporation was nominally, or technically, one of the defendants in the suits; but in reality the litigation involved nothing more than a battle between Brock and the Stocks over the control of the affairs of the corporation, and the attorneys were in reality representing the Stocks, and not the corporation. A good part of the services, even in court, was rendered distinctly to the Stocks; and the services rendered out of court, consisting in consultations and attempts at adjustment, were also rendered distinctly to the Stocks. Some of the services were rendered to the company, but only nominally or technically so, in reality they were rendered to the Stocks, who were the real clients of the opponents.

An opposition was filed also by the attorney who represented Brock in said suits to have himself placed on the account of the receiver as a creditor of the corporation for the services rendered by him to Brock in said suits. His opposition was rejected, like that of the present opponents, and properly, and he did not appeal. His services enured to the benefit of the corporation, since they resulted in the appointment of a receiver in its interest, whereas the services of the present opponents, who resisted the appointment of a receiver, were as the event showed, against the best interest of the corporation, hostile to it. The corporation was not resisting an outside attack; but in reality merely standing by while its officers contested among themselves.

Judgment affirmed.