87 So.2d 497 (1956)
Mrs. George F. BAKER, Appellant,
v.
The STATE of Florida on the relation of Johnny JONES, Appellee.
Supreme Court of Florida. En Banc.
January 13, 1956.
Rehearing Denied June 7, 1956.
Ausley & Ausley, Tallahassee, for appellant.
Roy T. Rhodes, Tallahassee, for appellee.
TERRELL, Justice.
April 30, 1941, the Trustees of Internal Improvement Fund leased to appellant Mrs. George F. Baker,
"All that part of Lake Immonia in Section 36, Township 3 North, Range 1 East lying South of existing Roadway and bridge as shown on plat attached hereto and made a part hereof."
Said lease expired April 15, 1951, but was renewed December 7, 1946, to run until December 7, 1956. The renewal lease enlarged the area leased to include all that part of Section 36, Township 3 North, Range 1 East, embraced within the original meander lines of Lake Iamonia within said Section 36. The area described in the lease is locally known as Cromartie Arm of Lake Iamonia.
February 19, 1953, appellee filed his amended petition in the Circuit Court praying for declaration of his rights as a citizen of Leon County to navigate, fish, boat, bathe and similar rights on the lands described in said leases. Defendants answered the amended petition in which they admitted the execution of the leases but denied that the waters of Cromartie Arm were navigable in fact. Motion to dismiss was incorporated in the answer which was seasonably considered and overruled. A special master was appointed, testimony was taken and final decree was entered holding that Cromartie Arm constitutes a part of Lake Iamonia, that it is navigable in fact and that petitioner has the legal right to go on its waters for the purpose of boating, bathing, fishing and other navigable purposes. Defendant Mrs. George F. Baker has appealed from the final decree.
It is admitted by the parties that the only question brought here for determination is whether or not the evidence is sufficient to support the decree of the Circuit Court holding that Cromartie Arm of Lake Iamonia is navigable in law and fact.
In State of Oklahoma v. State of Texas, 258 U.S. 574, 42 S.Ct. 406, 411, 66 L.Ed. *498 771, 776, the Supreme Court held the settled rule in this country to be "that navigability in fact is the test of navigability in law, and that whether a river is navigable in fact is to be determined by inquiring whether it is used, or is susceptible of being used, in its natural and ordinary condition as a highway for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water." In Broward v. Mabry, 58 Fla. 398, 50 So. 826, and Clement v. Watson, 63 Fla. 109, 58 So. 25, this court approved a similar test of navigability. In the two cases last cited, we stressed the idea that to be navigable a body of water must be permanent in character, of sufficient size and so situated that it may be used for purposes common or useful to the public in the locality before it will be regarded as navigable.
We have examined the evidence in this case and it reveals no such condition as to the area in question. One witness testified he had seen the lake "run off eight times," had on occasion stayed dry as long as two years. The evidence as a whole shows that Cromartie Arm in its natural or ordinary state is grass or button wood prairie, traversed by a shallow stream or strand and that normally its width is from four to ten feet, and that its depth is shallow, not exceeding two feet at best. It is difficult to push a flat bottomed row boat over; one witness testified that it was so difficult to get a row boat over it that one had to "push, cuss and holler" at the same time to make it go. Cromartie Arm is about one and one-half miles long and the stream or strand connects some pot holes or gator burrows ranging in size from that of Leon County Court Room to an acre. Except during a flood stage the stream or strand could not be traversed with a "kicker" but could be negotiated with a pole.
The evidence as a whole refutes the idea that Cromartie Arm is navigable for any useful public purpose, or that it is covered with water of permanent character that is susceptible of navigation for purposes common to the public in the community where it is located or that it is of sufficient size for that purpose. It is not shown that it is desirable for navigation purposes, that anyone ever attempted to use it for commercial water transportation or that it is suitable for pleasure boating or that it is desirable for bathing or fishing. In fact, the evidence as a whole falls far short of showing navigability by the test defined in the state and federal cases cited herein. The fact that it was meandered when the government surveys were made in 1824 does not, with nothing more, establish navigability. Most of the witnesses had not traversed the strand but once or twice and that at irregular intervals. The evidence revealed a very limited knowledge of Cromartie Arm. From the pictures introduced in evidence one would designate it a cow pasture. Two or three small alligator lairs in the lap of a cow pasture could under no stretch of the imagination meet the test of navigability for useful public purposes. In our view the case is controlled by Clement v. Watson, supra, and might appropriately be reversed on authority of that case.
For the reasons so stated, we think petitioner wholly failed to prove that Cromartie Arm is navigable in law or fact, that the chancellor placed a wrong interpretation on the evidence, for which he must be, and is hereby, reversed.
Reversed.
THOMAS, ROBERTS, THORNAL and O'CONNELL, JJ., and STANLY, Associate Justice, concur.
DREW, Chief Justice (dissenting).
With the greatest respect for the views of my six distinguished colleagues, I think there is ample evidence, physical and verbal, in the record in this cause to sustain the conclusion reached by the able chancellor below that Cromartie Arm, a part of Lake Iamonia, is a part of the public domain which may not be alienated by the constituted authorities. I think the evidence establishes the fact that Cromartie Arm is "navigable" in contemplation of law. The cases of Broward v. Mabry, 58 Fla. *499 398, 50 So. 826, which concerned Lake Jackson, and Broward v. Sledge, 58 Fla. 414, 50 So. 831, relating to Lake Miccosukee, are square and solid authority for the opinion and judgment of the chancellor below. My examination of these cases and the case at bar reveals no substantial differences in the factual situation. I would affirm the decree appealed from.