229 So.2d 652 (1969)
SOUTH VENICE CORPORATION, a Florida Corporation, et al., Appellants,
v.
O.W. CASPERSEN et al., Appellees.
No. 68-347.
District Court of Appeal of Florida. Second District.
December 19, 1969.
Rehearing Denied January 8, 1970.
*653 Evans, Thomas, Boylston & Johnson, Sarasota, for appellants.
John J. Blair of Lee, Blair & Williams, Venice, for appellee, O.W. Caspersen.
PIERCE, Judge.
This is an appeal by two of the defendants below, South Venice Corporation and W & A Construction Corporation, from a final judgment rendered by the Sarasota County Circuit Court on May 17, 1968, in favor of the plaintiff-appellee, O.W. Caspersen. The Trustees of the Internal Improvement Fund, who were brought in as parties defendant below, did not join in the appeal and are therefore appellees here. Rule 3.2, subd. c, FAR, 32 F.S.A.
This litigation was instituted by Caspersen after South Venice applied to the County Commissioners of Sarasota County for establishment of a bulkhead line and a dredge fill permit covering an area which included an island and portions of the submerged bottoms of Lemon Bay adjacent to the uplands owned by South Venice.
Caspersen filed his amended complaint against South Venice seeking, among other things, a determination that he was the owner of all of fractional Section 32, Township 39 South, Range 19 East in Sarasota County, except that part lying "north and east of Lemon Bay," including a certain island and all the submerged lands in said Section, and that the mean high water line of Lemon Bay was the common boundary of his land and that of South Venice.
By answer and counterclaim, South Venice alleged that certain portions of fractional Section 32 were owned by other parties, including W & A, and that the Trustees of the Internal Improvement Fund might have some claim in and to the submerged bottoms and an island involved in the litigation. Pursuant to Court order, the Trustees and W & A were joined as parties defendant.
The Trustees filed a declaration of interest asserting ownership of the submerged bottoms of Lemon Bay and sovereignty lands in Section 32, to which answers were filed by the other parties. W & A filed its answer, counterclaim and cross-claim, substantially identical to that filed by South Venice, setting forth that W & A acquired its lands from Caspersen, and that South Venice acquired its title to some of the lands from W & A; and that if Casperson held title to the submerged bottoms of Lemon Bay at the time of the conveyance to W & A, title thereto to the center of Lemon Bay passed to W & A, as well as title to the island; or, alternatively, that such submerged bottoms were owned by the Trustees.
After full evidentiary hearing, the able trial Judge entered final judgment, wherein he found and adjudged: that fractional Section 32 was non-navigable and that Caspersen was the owner of the submerged bottoms of Lemon Bay and the islands therein; that the Trustees had no interest in the said submerged bottoms or the island therein; that the common boundary line between the properties of Caspersen and of South Venice and W & A was the mean high water line of Lemon Bay adjacent to the uplands owned by South *654 Venice and W & A, respectively; and that W & A acquired riparian rights in and to Lemon Bay appurtenant to the lands of fractional Section 32 conveyed to it by the deeds from Caspersen. We affirm.
The record shows that Caspersen's predecessor in title acquired title to all of fractional Section 32 by a deed from the Trustees dated December 15, 1883. This deed conveyed only swamp and overflowed lands. No sovereignty lands, tidal lands, or submerged lands of any character were conveyed by that deed by reason of the fact that the Trustees at that time were not authorized by law to convey either tidal or sovereignty lands. Caspersen acquired title from one Astrid Caspersen, by deed which contained no specific reference to submerged lands or islands. On December 8, 1952, Caspersen conveyed to W & A "that part of fractional Section 32 lying east of Lemon Bay * * * together with any and all riparian rights belonging or in anywise appertaining to any and all of the above described property." On March 19, 1953, Caspersen made a second conveyance to W & A to "that part of fractional Section 32 * * * lying north and east of Lemon Bay (not heretofore conveyed to Grantee herein) and to the east of the creek running from Red Lake to Section 3." W & A Thereafter conveyed portions of the property acquired from Caspersen to South Venice.
Appellants present five questions for review: (1) did the conveyances from Caspersen to W & A convey title to the disputed island; (2) did Caspersen's deeds to W & A convey title to the submerged bottoms of Lemon Bay; (3) was opinion evidence as to the dividing line between Alligator Creek and Lemon Bay properly admitted; (4) did Caspersen hold title to the submerged bottoms of Lemon Bay as against the other claimants in suit; and (5) was the high water line of Lemon Bay the common boundary between the properties of Caspersen and of South Venice and W & A? We will briefly discuss these questions seriatim.
(1) Title to the disputed island. The trial Judge held the conveyances in question did not pass title to the disputed land. We agree.
South Venice, and also W & A, argue that if the waters of Alligator Creek, which flows from the East into Lemon Bay, flow around the island to the Western side and there meet Lemon Bay, then the island is "east of Lemon Bay." While Caspersen's own witness, Albert Blackman, testified that the waters from Alligator Creek flow out on both sides of the disputed island, two of Caspersen's expert witnesses, Joseph Merrin, a surveyor, and Orlando Rolland, a geologist, testified that the island was in Lemon Bay, and gave their reasons for this conclusion. This was sufficient evidence to sustain the Court's finding that the disputed island lies in Lemon Bay.
South Venice and W & A also contend that it was the original intent of the parties to the deeds from Caspersen to W & A that the island be included, and that any ambiguity in a deed should be resolved in favor of the grantee. W.N. Wimmers testified on behalf of appellants that he was the real estate broker in the transaction between Caspersen and W & A and that a letter written by him on December 1, 1952 to Caspersen, which stated in part:
"Inasmuch as I know you intended that the sale should include all of Section 32 except the Gulf frontage, I cannot understand why there is any confusion" 
accurately reflects his understanding of the negotiations. Finn Caspersen testified on behalf of his brother that Mr. Braswell, attorney for W & A, called him after the first contract was signed and asked whether he thought his brother would be agreeable to changing the wording of the conveyance of the land in Section 32 to include some islands in Lemon Bay. He told Mr. Braswell he did not think his brother would do this because his understanding was that his brother would not convey beyond the water's edge. Admitted into evidence was a letter from the purchaser *655 to Braswell, a letter from Braswell to Caspersen, and a letter from Finn Caspersen to Olaus Caspersen, the seller, in which they were trying to have the description in the deed changed from "that part of fractional Section 32 lying east of Lemon Bay" to read: "all of fractional Section 32, less that part thereof lying between Lemon Bay and the Gulf of Mexico", so as to include the islands. Since this was not done, it is clear that Caspersen did not intend to convey the island, and that the trial Judge was correct in finding that the deeds did not convey the disputed island or any other islands lying in Lemon Bay in said fractional Section 32.
(2) Alleged conveyance by Caspersen to the submerged bottoms of Lemon Bay. The trial Judge held that title did not so pass, and we agree.
South Venice and W & A contend that if Caspersen owned the submerged bottoms of Lemon Bay prior to the conveyance to W & A, then the conveyance carried with it ownership of such bottoms to the center of Lemon Bay. Appellants cite many cases which we do not consider applicable. Forman v. Florida Land Holding Corporation, Fla. 1960, 121 So.2d 784; Tri-State Enterprises, Inc. v. Berkowitz, Fla.App. 1966, 182 So.2d 40; and Trumbull v. McIntosh, 1931, 103 Fla. 708, 138 So. 34, all involved riparian rights to lands abutting on navigable waters. The other authorities cited involve streams and lakes.
Riparian rights are not involved in this case because the deeds from Caspersen to W & A specifically granted riparian rights and the Court so found in its final judgment. The issue involved is whether or not the conveyances carried with them ownership in and to the adjacent submerged bottoms to the center of Lemon Bay.
The Court held that the portion of Lemon Bay lying in fractional Section 32 was non-navigable, and therefore the cases involving lands bordering navigable waters are not applicable. The submerged bottoms were granted to Caspersen's remote predecessor in title as "swamp and overflowed lands" and consequently cases involving rivers, streams and lakes are not applicable. As a general rule, land does not pass under a deed as an appurtenance to land. Rivas v. Solary, Fla. 1881, 18 Fla. 122. Swamp, boggy and marsh land is properly treated as land, and likewise does not pass under a deed as an appurtenance. Lord v. Curry, 1916, 71 Fla. 68, 71 So. 21; 10 Fla.Jur., Deeds § 163.
Appellants cite Forman, supra, which held that riparian rights can be appurtenant to swamp and overflowed land. But the Court in that case pointed out that the riparian rights claimed were not "over" swamp and overflowed lands, but rather over a navigable body of water.
We find no error in the trial Court's finding that the appellants acquired riparian rights in and to Lemon Bay appurtenant to the lands of fractional Section 32 conveyed to W & A by said deeds, and holding that the westerly boundary of appellants' lands extends to and runs along the mean high water line of the easterly and northerly side of Lemon Bay.
(3) Opinion evidence as to the dividing line. The lower Court admitted such evidence, and under the circumstances of this case we think properly so.
South Venice and W & A contend that the trial Court erred in admitting into evidence opinion testimony of one layman and two expert witnesses as to the ultimate issue to be determined by the Court. Caspersen's witness, Albert Blackman, not an expert witness, testified:
"Q. And you claim then that the island is sitting in Lemon Bay?
A. I do, yes, its right in front of Alligator Creek. * * *
Q. * * * Is the island in Lemon Bay?
A. We consider this Lemon Bay, yes."
*656 Joseph Merrin, a surveyor, testified on behalf of Caspersen that "East of Lemon Bay would be indicated by a short line as shown on the Section," drawing on plaintiffs' exhibit 26 a line which he concluded represented the boundary of property lying "east of Lemon Bay." He also indicated on the map what he considered to be the "mouth" of Alligator Creek and testified that the island was located in Lemon Bay.
Caspersen's witness, Orlando Rolland, a geologist, testified to the effect that the island was located in Lemon Bay and not in Alligator Creek.
South Venice and W & A objected to all of this testimony on the ground that the witnesses were stating conclusions of law that had to be reached by the Court. In his Order of May 1, 1968, the Chancellor overruled all of the objections to the testimony of this nature on which he had reserved his ruling, stating that "the Court will consider said testimony on the issues to which the same is relevant, and give the same weight as the Court may deem proper, taking into consideration the qualifications and experience of the respective witnesses."
The present trend of authority is to make no distinction between evidential and ultimate facts as subjects of expert opinion. See North v. State, Fla. 1952, 65 So.2d 77; Millar v. Tropical Gables Corp., Fla.App. 1958, 99 So.2d 589; Atlantic Coast Line Railroad Co. v. Braz., Fla.App. 1966, 182 So.2d 491; Maas Bros., Inc. v. Bishop, Fla. App. 1967, 204 So.2d 16; Gifford v. Galaxie Homes of Tampa, Inc., Fla.App. 1969, 223 So.2d 108.
It is within the province of the Chancellor to accept or reject statements of opinions of an expert witness and in no instance would the Chancellor be bound by the expert's conclusions, any more than he would be bound by the testimony of any other witness. II Wigmore on Evidence, 3rd Ed., § 673, p. 795; Millar v. Tropical Gables Corp., supra; Atlantic Coast Line Railroad Co. v. Braz, supra; Robertson v. Robertson, Fla.App. 1958, 106 So.2d 590.
With regard to the nonexpert opinion of Mr. Blackman, we have been unable to find any Florida case directly in point. In Kersey v. State, 1917, 73 Fla. 832, 74 So. 983, the Court held that the admission of opinions by nonexpert witnesses must be largely within the discretion of the trial Judge, and that unless it is made to appear to an appellate Court that some injustice or wrong has been done by permitting an ordinary witness to give his opinion or conclusion, such Court will not interfere with the action of the trial Court in admitting such testimony.
Mr. Blackman stated: "We consider this Lemon Bay, yes." The fact that a witness cannot swear positively to the fact in question does not render his testimony inadmissible under the opinion evidence rule, and the value of his opinion was a question for the Chancellor. Minor v. State, 1908, 55 Fla. 77, 46 So. 297; 13 Fla.Jur., Evidence § 308.
There was sufficient testimony and evidence before the Chancellor to find that the island was in Lemon Bay without reference to the opinion testimony. We cannot say that the trial Judge's action in permitting this testimony was prejudicial error.
(4) Title to the submerged lands of Lemon Bay. The trial Judge held that Caspersen owned the submerged bottoms and we approve.
The Trustees took an active part in the trial of the case in the lower Court, but did not pursue the matter on appeal. The Court found that that portion of Lemon Bay lying within fractional Section 32 was, in fact, at all times material to this cause, non-navigable, and that by reason thereof Caspersen's remote predecessor in title acquired title to the bottoms of Lemon Bay in fractional Section 32 by virtue of the deed from the Trustees of the Internal Improvement Fund, and that Caspersen acquired title by virtue of a certain deed from Astrid Caspersen.
*657 The deed by the Trustees on December 15, 1883, to Caspersen's predecessor in title conveyed only swamp and overflowed lands. South Venice and W & A contend that if the waters of Lemon Bay in fractional Section 32 were "navigable waters", and therefore sovereignty land at the time of the conveyance, then the submerged bottoms of Lemon Bay could not have been included in the conveyance.
While the testimony was somewhat conflicting on this point, there was ample evidence before the trial Court to support the finding that the portion of Lemon Bay lying within said fractional Section 32 was non-navigable. Bucki v. Cone, 1889, 25 Fla. 1, 6 So. 160; Clement v. Watson, 1912, 63 Fla. 109, 58 So. 25; Baker v. State ex rel. Jones, Fla. 1956, 87 So.2d 497. Therefore Caspersen's predecessor in title acquired title to the bottoms of Lemon Bay lying in fractional Section 32. We find no error in this holding.
(5) The common boundary. The lower Court held the high water line of Lemon Bay was the common boundary.
In view of our holding that the portion of Lemon Bay lying within fractional Section 32 was swamp and overflowed land, we find no merit to appellants' argument on this point. The lower Court has reserved jurisdiction of this cause 
"for the purpose of taking and receiving such further evidence as may be required and entering such further order or judgments herein as may be necessary to establish the location on the ground of the common boundary between the properties of O.W. Caspersen and the properties of South Venice Corporation and W & A Construction Corporation as the same is determined by this Judgment."
The problems posed by appellants other than what we have definitely ruled upon herein, relating to establishing the boundary between the properties of Caspersen and the properties of South Venice and W & A, can be resolved by further proceedings, if such is necessary.
The judgment of the lower Court appealed is affirmed.
Affirmed.
HOBSON, C.J., and MANN, J., concur.