295 So.2d 295 (1974)
PARKWAY TOWERS CONDOMINIUM ASSOCIATION and W.R. Grace Properties, Inc., Petitioners,
v.
METROPOLITAN DADE COUNTY, Respondent.
No. 44260.
Supreme Court of Florida.
May 8, 1974.
Rehearing Denied June 27, 1974.
Alan G. Greer and Marvin E. Chavis, of Frates, Floyd, Pearson, Stewart, Proenza & Richman, and Watson & Watson, Miami, for petitioners.
Stuart Simon, Dade County Atty., and Alan S. Gold, Asst. Dade County Atty., for respondent.
PER CURIAM.
After hearing oral argument and carefully studying the briefs filed by counsel in this case, we are of the opinion that there is no direct conflict justifying our taking certiorari conflict jurisdiction to review the decision of the District Court of Appeal, Third District, in Metropolitan Dade County v. Parkway Towers Condominium Ass'n (Fla.App. 1973), 281 So.2d 68.
In this case it appears that on at least two occasions public hearings were held by the Metro County Commission on the question whether the construction of the subject holding facility for prisoners and the work release facility should go forward in the absence of a waiver therefor in the zoning ordinance and in each instance it was agreed by the Commission the construction should proceed. This being so, we feel no useful or practical purpose would be served in interrupting and delaying the construction until a zoning change is effected retroactively to accommodate the Commission's expressly resolved purpose when considered in connection with the fact that no direct conflict of decisions appears. To interrupt the construction now would cause needless expense and damage with no prospect or likelihood that the Commission would reach a different final result.
Although we now consider our issuance of the writ of certiorari to have been improvident in this case, which results in our discharge thereof, it is nevertheless our view prospectively that zoning variations to accommodate county or municipal facility purposes should either have been anticipated in zoning ordinances before construction or operation of such facilities is commenced *296 or, if this has not been done, construction should not be undertaken thereof until after due modification or change therefor is made in existing zoning ordinances.
The writ is discharged and it is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.