QUESTIONS: 1. Does the Town of Melbourne Beach have legal authority to regulate the taking of fish from manmade canals within its corporate limits? 2. Is the Town of Melbourne Beach authorized to regulate traffic upon waterways within jurisdictional boundaries of the municipality?
SUMMARY: The Town of Melbourne Beach does not have lawful authority to enact an ordinance regulating the taking of fish from a manmade canal within its corporate limits. The Town of Melbourne Beach is without authority to regulate water traffic on an artificially created body of water which has remained private property. The first question is answered in the negative. In describing the need for the opinion, your letter refers to commercial fishermen blocking the canals with nets at times so that boats of others are not able to use the canals. This, together with knowledge of the location of Melbourne Beach, causes me to assume that the water which occupied the manmade canals when dug is salt water from the Atlantic Ocean. Albeit, the question will be answered first assuming the water in the manmade canals is salt water and then answered assuming the water in question is fresh water. For clarification of the question it is well to remember at this point that the Legislature in 1973, pursuant to Art. VIII, s. 2(b), State Const., gave municipalities home rule powers by Ch. 73-129, Laws of Florida, and designated such powers "Municipal Home Rule Powers Act" which appears as Ch. 166, F.S. Section 166.021(1) and (3)(c), provides as follows: (1) As provided in article VIII, section 2(b) of the state constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law. * * * * * (3)(c) Any subject expressly preempted to state or county government by the constitution or by general law; and The next logical inquiry is to see if the regulation of both saltwater fishing and freshwater fishing has been preempted to state or county government. The power to regulate each has been preempted to the state. In the case of saltwater fishing, jurisdiction to regulate has been preempted to the state by ss. 370.102 and 125.01(4), F.S., and is vested in the Division of Marine Resources of the Department of Natural Resources by Ch. 370, F.S. The jurisdiction to exercise regulatory and executive powers with respect to fresh water aquatic life has been placed in the Game and Fresh
Water Fish Commission by Art. IV, s. 9, State Const., and the wildlife code promulgated under its authority. There has been no significant change in the power to regulate the taking of fish since the subject was discussed by me in AGO 071-337. The answer to the second question is also in the negative. The answer to your second question is found in ss. 371.522, 371.59, 371.67, and 371.68, F.S., and as discussed in AGO 074-286. Essentially, the specified sections authorize the filing of a petition with the Division of Marine Resources, Department of Natural Resources, which agency in turn is authorized to promulgate reasonable rules and regulations on the subject. As was pointed out in the last mentioned opinion, when a water safety ordinance is duly promulgated, it is subject to enforcement as provided in ss.901.15 and 901.25, F.S. The use of the term "manmade" in describing canals compels me to state that if the owner of the land underneath the artificially created body of water has never made the water above available to the public, then the owner, in a sense, controls fishing in the body of water by controlling the means of access to it, even for one who has a proper license or permit to take fish and even if the season is lawful for the taking of fish from other water in the area. By the same token, there would be no authority to control traffic on a body of water which is completely privately owned. The question of private ownership of the land underneath a body of water was discussed in AGO 071-168, wherein was cited the case of Clement v. Watson,58 So. 25 (Fla. 1912). In my opinion it was stated: It should be noted, however, that a qualification was announced by the Florida Supreme Court in the Clement case, supra: The right of control in the owner of the bottom is "subject to law." The owner's control of the fishing could be regulated or abrogated if a sufficient public purpose were determined by the legislature. Subject to the above qualification, it is my opinion the law is as follows: The owner of upland upon which has been created an artificial navigable body of water, extending from sovereignty waters, can control fishing by the public in said artificial body of water, although his control of the fishing is subject to lawful regulation by the state.