QUESTION: Is a county authorized or required to enforce the provisions of the Interim State Building Code or the Minimum State Building Codes adopted pursuant to Part VI, Ch. 553, F.S. (1974 Supp.), against buildings of the state or its agencies?
SUMMARY: Indian River County is not authorized or required to enforce the provisions of the Interim State Building Code or State Minimum Building Codes adopted pursuant to Part VI, Ch. 553, F.S. (1974 Supp.), against the buildings of the state or its agencies. In AGO 071-75 it was stated that, unless otherwise provided by the Constitution, control and regulation of public buildings and places owned by the state are vested in the Legislature and its authorized agencies. See, generally, 81 C.J.S. States s. 104, p. 1078. Ordinarily, the state and its agencies are not considered to be within the purview of a statute unless intention to include them is clearly manifest, as where they are expressly named therein, or they are included by necessary implication. See, generally, 82 C.J.S. Statutes s. 317, p. 554. In the instant situation, nowhere in Part VI of Ch. 553, F.S. (1974 Supp.), the Florida Building Codes Act of 1974, is there a legislative intent clearly manifested to subject the buildings of the state and its agencies to the application and enforcement of the State Interim Building Code or the State Minimum Building Codes adopted pursuant thereto. Cf. s. 553.17, F.S., providing that the Florida Electrical Code shall apply to "all new buildings and structures, both private and public. . . ." (Emphasis supplied.) However, in an analogous situation, the Florida Supreme Court seems to have departed from the applicable general rule set out above, the court stating, in effect, that, unless expressly exempted therefrom, a county is subject to its own zoning regulations when constructing county buildings. Parkway Towers Con. Ass'n v. Metropolitan Dade County, 295 So.2d 295 (Fla. 1974). Assuming the court would apply the same reasoning to the Florida Building Codes Act of 1974, I find nothing therein which exempts the buildings of the state or its agencies from the application and enforcement of the Interim State Building Code or State Minimum Building Codes adopted pursuant thereto. See ss. 553.73(1), 553.77(1)(a), 553.78(3),553.79(1), and 553.80(1) containing language broad enough to include state buildings. Thus, it would be safer to conclude that until legislatively or judicially determined to the contrary, the buildings of the state and its agencies are subject to the provisions of the applicable Interim State Building Code and the State Minimum Building Codes, when finally adopted. As to which enforcing agency has jurisdiction to enforce the provisions of the Interim State Building Code and the state minimum codes against state buildings, the Florida Building Codes Act of 1974 appears to contemplate a division of jurisdiction. See, e.g., s. 553.79(3), F.S. (1974 Supp.), providing that the State Minimum Building Codes, once adopted, shall supersede all other less stringent building construction codes and ordinances, but that "[n]othing contained in this subsection shall be construed as nullifying or divesting appropriate state or local agencies of authority to make inspections or to enforce the codes within their respective areas of jurisdiction." (Emphasis supplied.) See also s. 553.80(1), id., providing that It shall be the responsibility of each municipality and county in the state, each enforcement district authorized to be created by this section, and each state agency with statutory authority to regulate building construction to enforce the Interim State Building Code and the state minimum codes. . . . Applying this statutory division of jurisdiction to the instant situation, the Department of General Services, as a general proposition, has jurisdiction over the construction of state buildings. See s.255.25, F.S. Thus, it is apparently the responsibility of the Department of General Services and not local governmental units to enforce the provisions of the Interim Building Code and the State Minimum Building Codes against state buildings, wherever located. Cf. AGO 071-75, reaching a similar conclusion with respect to the Florida Electrical Code. This conclusion is consistent with the long-established rule that, in the absence of a clear legislative intent to the contrary, the use of state property by the state or its agencies is generally not subject to local governmental control. Attorney General Opinions 074-237, 071-367, 071-203A, 071-203, 071-177, 066-10, 065-81, 058-67, and 058-11. Accordingly, your question is answered in the negative.