QUESTIONS: 1. Does the City of North Miami have the authority to regulate building and zoning on lands formerly under the jurisdiction of the Inter-American Center Authority and located within that city's territorial limits? 2. What is the obligation or authority of the City of North Miami Police Department to patrol these various areas?
SUMMARY: Except with respect to the property exempted by s.253.033(2), F. S., and the exclusive jurisdiction of the state Department of General Services to regulate the construction of state buildings, the use of, and construction on, lands or property formerly owned by the Inter-American Center Authority located within the territorial limits of the City of North Miami are subject to that city's zoning and building regulations. The City of North Miami has the same authority and responsibility to provide police protection in the area composed of the lands formerly owned by the Inter-American Center Authority as it has to provide police protection to the remaining area within the territorial limits of the City of North Miami. AS TO QUESTION 1: According to your letter, approximately 1,500 acres of the former "Interama" tract are located within the territorial limits of the City of North Miami. Various sections of this acreage are presently owned by the City of North Miami, the City of Miami, Dade County, the State of Florida and several private interests. In addition, some of the publicly owned land has been leased to private interests. With respect to the applicability of zoning regulations of the City of North Miami to the land in question, the recently developed general rule in this state is that, unless the Florida Legislature provides otherwise, one governmental unit, in the use of its property located within the jurisdictional boundaries of another governmental unit, is bound by the zoning regulations of the latter. See Hillsborough Association for Retarded Citizens, Inc. v. City of Temple Terrace, Case No. 48,504 (Fla. Sup. Ct., filed May 12, 1976, petition for rehearing pending); Orange County v. City of Apopka, 229 So.2d 652 (4 D.C.A. Fla., 1974); Palm Beach County v. Town of Palm Beach,310 So.2d 384 (4 D.C.A. Fla., 1975). In addition, a local governmental unit, in the use of its own property, is bound by its own zoning regulations. See Parkway Towers Con. Ass'n v. Metropolitan Dade County, 295 So.2d 295 (Fla. 1974). Applying these rules to the instant situation, the use of the land in question by the governmental units to which you refer, including the City of Miami, Dade County, and the State of Florida, is subject to zoning regulations of the City of North Miami unless there is some statutory provision providing otherwise. In this regard, s.253.033(2), F. S., provides as follows: It is hereby recognized that certain governmental entities have expended substantial public funds in acquiring, planning for, or constructing public facilities for the purpose of carrying out or undertaking governmental functions on property formerly under the jurisdiction of the authority. All property owned or controlled by any governmental entity shall be exempt from any local building and zoning regulations which might otherwise be applicable in the absence of this section in carrying out or undertaking any such governmental function and purpose. Thus, it would appear that if one of the governmental units to which you refer expended substantial public funds in acquiring, planning for, or constructing public facilities in carrying out or undertaking governmental functions on property formerly under the jurisdiction of the Inter-American Center Authority, then the use of such property by that governmental unit for the construction of such public facilities will not be subject to zoning regulations of the City of North Miami which might otherwise be applicable. With respect to the applicability of building regulations of the City of North Miami to building construction on the land in question by the governmental units to which you refer, again s. 253.033(2), F. S., provides that building construction by such governmental units in furtherance of the purposes described in that section is not subject to any local building regulations. Thus, the City of North Miami may not require building permits or enforce the applicable building code in connection with such building construction. Finally, with respect to the applicability of zoning and building regulations of the City of North Miami to the use of, and construction on, former Interama land by the governmental units to which you refer for purposes other than the purposes described in s. 253.033(2), F. S., or by private interests, I am aware of no statutory provision, with one exception, which would exempt such use or construction from that city's zoning and building regulations. The one exception relates to the jurisdiction and responsibility of the state Department of General Services to enforce the provisions of the interim state building code and the minimum building codes against state buildings wherever located. See Part VI, Ch. 553, F. S.; AGO 075-170. Thus, consistent with the recent Florida judicial decisions cited, supra (which dealt only with zoning, but the reasoning of which appears equally applicable to building regulations), and with this one exception, zoning and building regulations of the City of North Miami are applicable to the use of, and construction on, former Interama land not exempted therefrom by s. 253.033(2), F. S. AS TO QUESTION 2: I am aware of no statutory provision which removes or restricts the authority and obligation of the City of North Miami to provide police protection in the area composed of the land in question. Cf. AGO's 076-19, 071-203, 071-203A, and 060-139.