PER CURIAM.
In an action for medical malpractice and wrongful death, Vidal Sainz, Jr., as personal representative of his deceased father’s estate, appeals from a final judgment that awarded the estate a $93,500 recovery from co-defendants Clinica Fatima, Armando D. Bucelo (personal representative of the estate of Dr. Juan A. Jimenez), and Dr. Julio Menache; and from the order granting defendants’ motions for a setoff and to vacate final judgment, entering final judgment in favor of defendants Dr. Menache and Clinica Fatima.
Following the death of Vidal Sainz, Sr., his son filed a medical malpractice/wrongful death complaint against Clinica Fatima, Dr. Juan A. Jiminez, Dr. Julio Menache and Dr. Orestes M. Pablos. A cross-claim for indemnity and contribution from Armando Bucelo (personal representative of the Jimenez estate) was filed by Clinica Fatima, who also joined Dr. Tomas A. Guerra as a third party defendant. An amended complaint filed by Sainz added Guerra as a defendant. Dr. Pablos was voluntarily dismissed. At trial, Sainz offered to read into evidence mortality tables which considered the health, age and physical condition of the 64 year-old Vidal, Sr., giving him a projected life expectancy of 13.9 years. The court sustained the objection of defendant Menache to the mortality tables based on the opinion of a medical expert who testified that the decedent’s heart problem, if treated properly, would have given him a 7 year life expectancy. Sainz’ requested standard jury instruction, that mortality tables may be considered with other evidence, was denied. The jury returned a partial plaintiff’s verdict which found Dr. Jimenez and Menache to be agents of Clinica Fatima, found Clinica Fatima 35% negligent, Menache 50% negligent, Guerra “0” negligent, and Vidal Sainz, Sr. 15% negligent in the death of Vidal Sainz, Sr. The jury also found damages totalling $10,000 for the estate and $100,000 for Sainz’ widow. Final judgment awarded plaintiff $93,500 and reserved jurisdiction to tax costs and attorneys’ fees. Sainz appealed.
Clinica Fatima moved to vacate and set aside final judgment and for setoff. Me-nache moved to reduce the verdict by collateral sources of indemnity and to set aside judgment. The trial court entered an order granting defendants’ motions. Sainz’ appeal from this order was consolidated with his appeal from the final judgment.
We find that the trial court erred when it denied the admission of mortality tables and restricted evidence of the decedent’s life expectancy to the inconclusive opinion of a medical expert. Butler v. Borowsky, 120 So.2d 656 (Fla. 3d DCA 1960). The difference in life expectancy (7 years/expert, 13.9 years/mortality tables) was vital to the issue of the widow’s damages. There is no authority to sustain the trial court’s position that the opinion of an expert is binding. Here the expert candidly admitted there was no way to be “one hundred percent sure and he could not tell in any given case.” South Venice Corporation v. Caspersen, 229 So.2d 652 (Fla. 2d DCA 1969); Miller v. Tropical Corp., 99 So.2d 589 (Fla. 3d DCA 1958).
*913 In light of this holding all other issues become moot and the matter is returned to the trial court for a new trial as to all defendants, except the defendant Guerra; the jury having exonerated this defendant of any liability.
Reversed and remanded with directions.