The Honorable Truman G. Scarborough, Jr. Chairman, Brevard County Commission 400 South Street First Floor, Suite 1A Titusville, Florida 32780-7698
Dear Commissioner Scarborough:
On behalf of the Brevard County Board of County Commissioners, you ask substantially the following questions:
1. If a county commissioner engages in ex parte communication regarding a rezoning, must he or she abstain from participating in the rezoning proceeding and/or disclose the communication on the record?
2. Is viewing the property for which rezoning has been requested an ex parte communication?
3. May a board of county commissioners review a request to rezone county-owned property in order to bring the property into compliance with the county's comprehensive plan, without violating a legal or ethical constraint?
4. If so, are conferences with planning and zoning staff outside the review proceeding considered ex parte communications?
5. Are conferences with staff of the city department initiating the rezoning request considered ex parte communications?
6. Does consideration of a county-initiated rezoning request for county-owned property create a conflict of interest under section112.3143, Florida Statutes?
In sum:
1. Proof of an ex parte communication creates a rebuttable presumption that a decision is prejudiced. However, nothing requires a county commissioner who has engaged in an ex parte communication to abstain from voting on a request for rezoning or to disclose such communication on the record.
2. Viewing the subject property would not be ex parte communication, if there is no communication between one of the parties and the county commissioner.
3. A county commission is not precluded from reviewing rezoning requests for county-owned property in order to bring such property into compliance with the county's comprehensive plan. Such determinations with findings of fact and a record of the proceedings, however, would be subject to judicial review.
4. While discussions between the county commission and the planning and zoning staff would not automatically mandate reversal of the commission's rezoning decision, any allegation of prejudice resulting from ex parte communications in a quasi-judicial proceeding would be grounds for judicial review. In order to assure fairness to all parties, any communication with the planning and zoning staff should be documented and placed on the record in order for all parties to have an opportunity to respond.
5. In light of the involvement of staff members of a department requesting a zoning change in the proceedings, contact with the staff outside the quasijudicial proceeding could result in an allegation of ex parte communication. Such communication, therefore, should be disclosed to all interested parties and placed on the record during the proceeding to allow such parties to respond.
6. The determination of whether consideration of a county-initiated rezoning request for county-owned property would constitute a conflict of interest in violation of section112.3143, Florida Statutes, is within the jurisdiction of the Florida Commission on Ethics. It would appear, however, that the prohibition in section 112.3143, Florida Statutes, relates to those instances where the vote of a public officer would result in a "special private gain" to such officer and would not prohibit the consideration of rezoning county-owned property.
Question One
In light of the decisions in Jennings v. Dade County[1] and Snyder v. Board of County Commissioners of Brevard County,[2] the question has arisen whether a county commissioner who participates in ex parte communication regarding the rezoning of property must recuse himself from voting on the issue or make the ex parte communication known on the record. In Jennings, the Third District Court of Appeal determined that proof of an ex parte communication by a quasi-judicial officer creates a rebuttable presumption of prejudice unless proven otherwise by competent evidence by the officer. Subsequently, the Fifth District Court of Appeal, in Snyder, determined that consideration of a rezoning request is quasi-judicial in nature and requires appropriate due process to the party requesting the rezoning.[3] Taken together, these cases ensure that the landowner will receive due process in a proceeding for the rezoning of private property.
In Jennings, the court considered the effect of an ex parte communication upon a decision by a county commission in a quasijudicial proceeding upholding the granting of a zoning variance. It was alleged that prior to the commission's action, a lobbyist for the petitioning party, registered as required by a county ordinance, engaged in ex parte communications with some or all of the county commissioners. In rejecting the county's contention that an ex parte communication does not deny due process where the substance of the communication was discoverable by the complaining party in time to rebut it on the record, the court concluded that the allegation of prejudice resulting from ex parte contact with the decision-makers in a quasi-judicial proceeding states a cause of action.
The court stated that upon proof that an ex parte communication has occurred, there is a presumption of prejudice. The burden is then placed upon the party who initiated the ex parte communication to show that no prejudice resulted from the contact.[4] Thus, the county commission should adhere to procedures that guarantee a "fair, open and impartial hearing."
I am not aware of, nor have you directed my attention to, any statutory provision that requires a commission member to recuse himself or herself from a proceeding in which the member has engaged in ex parte communications. While there is no statute that directs a commission member to disclose an ex parte communication, it would be advisable to place the existence and content of such communication on the record, and to allow the aggrieved party the opportunity for rebuttal.[5] Such measures would appear to provide due process protection for any party who has been presumptively prejudiced by the ex parte communication.
Question Two
Inherent in the prohibition against "ex parte" communication is communication between the decision-maker in a judicial or quasi-judicial proceeding and one of the parties in the proceeding.[6]
While the independent viewing of subject property by a commissioner may be outside the quasi-judicial proceeding, it does not appear that such action would constitute an ex parte communication that would create a presumption of prejudice.
Question Three
The county commission is the body possessing the authority to review the rezoning of property within the county.[7] Any zoning or rezoning by the county commission, however, must conform with the county's comprehensive plan.[8] This would appear to have equal application to county-owned property.[9] Thus, the county commission would be bound to review the request for rezoning of its own property in order to bring such property into compliance with the county's comprehensive plan.
While generally a governmental unit's property is not subject to its own zoning regulations when the governmental unit is acting in a governmental capacity,[10] it has been recognized by the Supreme Court of Florida that
zoning variations to accommodate county or municipal facility purposes should either have been anticipated in zoning ordinances before construction or operation of such facilities is commenced or, if this has not been done, construction should not be undertaken thereof until after due modification or change therefor is made in existing zoning ordinances.[11]
Accordingly, it would appear that the county commission would properly review a request for the rezoning of county-owned property in order to bring it into compliance with the county's comprehensive plan.
Question Four
As reflected in the court's discussion in Jennings, "[e]x parte communications are inherently improper and are anathema to quasijudicial proceedings."[12] The Jennings court further stated that "[q]uasi-judicial officers should avoid all such contacts where they are identifiable."[13]
While discussions with the planning and zoning staff would not automatically mandate reversal of a county commission's rezoning decision, any allegation of prejudice resulting from ex parte communications in the quasi-judicial proceeding would state a cause of action for judicial review of the commission's action. In order to assure fairness to all parties, any ex parte communication with the planning and zoning staff should be documented and placed on the record in order for all parties to have an opportunity to respond.
Question Five
Given that the staff members of a county department requesting a zoning change for county-owned property would most likely be advocates for the requested change, contact with the staff outside the quasi-judicial proceeding could be considered ex parte communication. The Jennings court set forth the following criteria that should be considered in determining whether such communication is prejudicial:
[w]hether, as a result of improper ex parte communications, the agency's decisionmaking process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either as to an innocent party or to the public interest that the agency was obliged to protect. In making this determination, a number of considerations may be relevant: the gravity of the ex parte communications; whether the contacts may have influenced the agency's ultimate decision; whether the party making the improper contacts benefited from the agency's ultimate decision; whether the contents of the communications were unknown to opposing parties, who therefore had no opportunity to respond; and whether vacation of the agency's decision and remand for new proceedings would serve a useful purpose. Since the principal concerns of the court are the integrity of the process and the fairness of the result, mechanical rules have little place in a judicial decision whether to vacate a voidable agency proceeding. Instead, any such decision must of necessity be an exercise of equitable discretion.[14]
Accordingly, should communication occur between the county commission and staff of a county department requesting a rezoning of county property, such communication should be disclosed to all interested parties and placed on the record during the proceeding to allow the parties to respond.
Question Six
The determination of whether consideration of a rezoning request for county-owned property would constitute a conflict of interest in violation of section 112.3143, Florida Statutes, is within the jurisdiction of the Florida Commission on Ethics.[15] It would appear, however, that the prohibition in section 112.3143, Florida Statutes, relates to those instances where the vote of a public officer would result in a "special private gain" to such officer. It would appear, therefore, that absent an allegation or showing of private gain to a county commissioner as a result of voting for the rezoning of county-owned property for the purpose of bringing it into compliance with the county's comprehensive plan, there would be no conflict of interest pursuant to section 112.3143, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] 589 So.2d 1337 (Fla. 3d DCA 1991).
[2] 595 So.2d 65 (Fla. 5th DCA 1991).
[3] See, Jennings at 1343, acknowledging that the granting of zoning variances and special exceptions or permits is a quasijudicial action, citing Walgreen Co. v. Polk County,524 So.2d 1119, 1120 (Fla. 2d DCA 1988).
[4] Jennings at 1345.
[5] Cf., section 120.66(2), Fla. Stat. (1993).
[6] See, Black's Law Dictionary (5th ed. 1979), p. 517, defining "[e]x parte" as "[a] judicial proceeding, order, injunction, etc., . . . when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested."
[7] See, section 125.01(1)(h), F.S. (1993), authorizing counties to "[e]stablish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public."
[8] See, section 163.3201, F.S. (1993), stating that the adopted comprehensive plans shall be implemented, in part, by the adoption of and enforcement of appropriate local regulations. See also, Op. Att'y Gen. Fla. 79-88 (1979), in which this office concluded that all development undertaken after the adoption of a comprehensive plan must be in accordance with that plan; local governments should amend existing zoning ordinances to conform with the land-use elements of such a comprehensive plan; and Op. Att'y Gen. Fla. 79-40 (1979) (county adopting comprehensive plan must adopt zoning, subdivision planning, or other codes or regulations consistent with such plan).
[9] See, White v. Metropolitan Dade County, 563 So.2d 117, 128
(Fla. 3d DCA 1990), in which the district court recognizes that the use of county-owned property must comply with the master plan, its elements, and objectives).
[10] Orange County v. City of Apopka, 299 So.2d 652, 654 (Fla. 4th DCA 1974).
[11] Parkway Towers Condominium Association v. Metropolitan Dade County, 295 So.2d 295, 295-296 (Fla. 1974).
[12] Jennings at 1341.
[13] Id.
[14] Jennings at 1341-1342, adopting the criteria as set forth in Professional Air Traffic Controllers Organization (PATCO) v. Federal Labor Relations Authority, 685 F.2d 547, 564-565 (D.C. Cir. 1982).
[15] See, section 112.320, F.S. (1993), creating the Commission on Ethics as the guardian of the standards of conduct for the officers and employees of the state, and of a county, city, or other political subdivision of the state.