(41 South. 249.)

No. 15,882.

BURNS v. CRESCENT GUN & ROD CLUB.

(April 9, 1906. Rehearing Denied May 21, 1906.)

1. NAVIGABLE WATERS — WHAT CONSTITUTE.
    A stream is not navigable unless its navigability is shown by evidence; i. e., navigability is a question of fact.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Navigable Waters, § 16.]

2. INJUNCTION — NAVIGABLE WATERS — OBSTRUCTING USE.
    One of the streams is navigable, to that extent the injunction sued for by plaintiff is maintained.

3. SAME.
    It does not appear that the other streams and waters are navigable, although it appears that occasionally pirogues and skiffs have been pulled over them. The ponds and bayous are grass-choked bodies of water.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Navigable Waters, §§ 7, 9.]

4. SAME.
    They do not form part of the lake or its shores. Their waters are not those of the lake, although they at times feel the pulsations of its tide. They are containers of fresh water, and drain prairies and bayous.
    [Ed. Note.—For cases in point. see vol. 37, Cent. Dig. Navigable Waters, § 8.]

    (Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by P. H. Burns against the Crescent Gun & Rod Club. Judgment for defendant, and plaintiff appeals. Affirmed.

William V. Seeber and J. Zach. Spearing, for appellant. Philip Stevens Gidiére, for appellee.

BREAUX, C. J. The petition sets forth substantially the following cause of action:

The right of fishing in Irish Bayou, Little Irish Bayou, Second Branch Bayou, and Bayou Castiglione; all near Lake Pontchartrain, within the limits of the parish of Orleans, near the city of New Orleans.

Petitioner avers that he and a number of others have for many years been engaged in fishing in the waters near Lake Pontchartrain for profit and pleasure. He alleges that the defendant club, its officers, members, and agents, have prevented him and others not members of the club from fishing in these waters.

An injunction was issued at his instance. enjoining the club from interfering with his rights and that of others to fish in these waters.

The defendant claims that it is in legal possession of all the lands in which these bodies of water are situated. It claims the sole and exclusive right to fish in these waters and to prevent others from fishing therein. Defendants aver that they are unnavigable bodies of water within their lands, and that they form an integral part of their premises.

According to a chart of the United States in evidence, Irish Bayou is on the east side of a point which extends into Lake Pontchartrain and connects by water with Irish Lagoon, and through the lagoon connects with Bayou Castiglione, which connects to the west of the point or strip of land with Lake Pontchartrain.

The lagoon is a large pond or diminutive lake.

The contention of plaintiff is that these form a chain of streams that have been navigable and that are still impressed with the character of navigability; that they are a cutoff in the navigation of Lake Pontchartrain.

In the acts for the admission of the states of Louisiana and Mississippi into the Union it was declared that the river Mississippi and the navigable rivers and waters leading into same or into the Gulf of Mexico shall be common highways and forever free. Act Feb. 20, 1811; c. 21, § 3, 2 Stat. 642.

Evidently the owner, in letting out the property in question, was decidedly impressed with the idea that there were navigable waters within the limits of his land, for the act of lease contains the following:

"Lessees bind themselves not to obstruct the navigation in any navigable streams on the property."

The only streams on the land are those before mentioned.

It is not very long since the defendant began to insist upon the right to fish in the waters before named and upon the right to exclude all others.

As well state at this time that witnesses stated that perch, green trout, or black bass, distinctly fresh-water fish, are the inhabitants of the bayous and lagoons, and that there are no salt-water fish in the lagoons and bayous, different from the fish in the lake, which are commonly speckled trout, sheep-head, and other salt-water fish.

The waters in the various bayous are affected by the ebb and flow of the tide from the lake. Irish Bayou is a large bayou of about 200 feet in width and at least 15 feet in depth. Irish Lagoon is a grassy body of shallow water, about a mile in length and a half a mile in width.

Our brother of the district court, in a well-considered opinion, held that the lagoons and small bayous are not navigable, but that Irish Bayou is navigable, and rendered judgment sustaining plaintiff's injunction as to Irish Bayou, and rejected the remainder of the demand.

Plaintiff appealed. Defendant answered the appeal, and asked for an amendment of the judgment.

We meet with no difficulty in holding that Irish Bayou, by reason of its width and depth, is a navigable stream. We readily agree with the opinion of the district judge to which we have just referred.

When the owner by the term of his lease, made some time ago to the defendant, specially, as we have before mentioned, referred to the navigable streams which he desired protected, he must surely have intended Irish Bayou, which is a deep and large bayou, capable of receiving vessels of large tonnage. It is a safe harbor, and has received storm-tossed boats and afforded them ample protection. It is a large indentation on the coast of the lake and is in that light highly useful. It, as well as the lake, is an arm of the sea, not susceptible of private ownership.

It has long since been held that Pontchartrain is an arm of the sea. Milne v. Girodeau, 12 La. 325. Reaffirmed in Zeller v. Yacht Club, 34 La. Ann. 839.

Irish Bayou, being as deep as the lake, directly connected with it, as a harbor is as useful as the lake itself.

This disposes of Irish Bayou.

We are brought to the other waters, notably, Irish Lagoon, Little Irish Bayou, Second Branch Bayou, and the Bayou Castiglione.

We will, in a few words, eliminate Irish Lagoon from consideration. It is filled with sea grass nearly all the year, by which it is choked and through which the passage is possible in pirogues, and small boats only with some exertion. It has no channel, and its waters are not the same as those of the lake; for in it are found the fresh-water fish to which we have before referred. The prairies and bayous above pour their fresh waters into this pond or lake. It cannot be considered in the light of a navigable stream. No schooner or water craft of any importance ever found its way through this lagoon. It is not navigable, nor can it be considered a part of Lake Pontchartrain or any part of its shores. It is a container of fresh water and, while it may be affected by the ebb and flow from the lake, it is not a salt-water pond or lake.

Second Branch Bayou and Little Irish Bayou, the other water courses named, are by-streams, mere rivulets of no importance whatever as relates to navigation.

In the words of Chief Justice Shaw in Rowe v. Bridge Corp., 21 Pick. (Mass.) 344:

"It is not every small creek in which a fishing skiff or gunning canoe can be made to float at high water which is deemed navigable; but in order to give it the character of a navigable stream it must be generally and commonly useful to some purpose of trade or agriculture."

Bayou Castiglione, the last requiring our attention, has the appearance of having a little more importance. It has some persistence; for, although the hands of industry have placed a levee across its mouth, not far from the lake, it none the less continues to flow. Besides the members of the defendant club constructed a canal that would render it dry, as they thought; but it still flows on and has a few feet of water, sometimes sought after by the active boatmen or skiffmen. It still communicates with the lake. The same waters which flow through it are the waters of the lake. Occasionally at high tide the fishermen find it convenient to enter on its waters to fish. But despite all this it is not navigable. It does not contain sufficient water to be considered in that light.

Navigable means when a stream is large enough to float a boat of some size, engaged in carrying trade. It implies the possibility of transporting men and things.

It is because navigable rivers afford a way of communicating that the legislature has placed them in the public domain. Laurent, vol. 6, § 9.

But plaintiff's contention is in the second place that, Lake Pontchartrain being an arm of the sea, Bayou Castiglione forms a part of that arm, and if it is not navigable it is open to use as a part of the shores of the lake.

This bayou under the law cannot be considered a part of the shore, for the shore is that space of land on the borders of the sea which is at times covered by the rising, and at other times is left dry by the falling, tide.

This view is sustained by all the authorities we have consulted upon the subject.

The civil law is very plain.

It results, says Laurent (volume 6, § 6), that there can be no question of the shores of the ocean when the land claimed as such does not border on the ocean.

"Lemitrophe de la mer" are the words of the learned commentator.

We have found the same view expressed in Baudry, verbo "Des Biens," § 175.

The same is also the view expresed by Dalloz, vol. 38, p. 208, § 106.

All agree that the shores include only the lands along the sea or the ocean, and do not extend back from the one or the other.

For these reasons it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.