PICKETT, Judge.
Thomas Robichaux, individually and on behalf of his minor son, Timothy Robi-chaux, brought this action to recover damages, both general and special, as hereinafter set forth, arising out of injuries suffered by his minor son, Timothy Robi-chaux, in a motorboat collision which occurred around 5:45 P.M. on November 17, 1967, on what is known as the Forty Ar- *645 pent Canal in Lafourche Parish, Louisiana. The collision occurred between a 17-foot “Sportcraft” boat, powered by a 75 horsepower Evinrude outboard motor, owned and operated by Earliss Breaux, in which Timothy Robichaux was a passenger, and a 16-foot fiber glass open hull boat, powered by a 40 horsepower Evinrude outboard motor, owned and operated by Dave P. Ther-iot. Made defendants were Continental Insurance Company, the insurer of Earliss Breaux, Dave Theriot and his insurer, United States Fire Insurance Company. However, the suit was dismissed against the United States Fire Insurance Company before the case was tried on its merits. Following a trial on the merits, the trial judge concluded that both boat operators were guilty of negligence, and rendered judgment in favor of Thomas Robichaux, as administrator of the estate of his minor son, Timothy Robichaux, and against the defendants, Dave Theriot and the Continental Insurance Co., Inc., in solido, in the sum of $10,000.00; and in favor of Thomas Robichaux, in his individual capacity, and against the defendants, Dave Theriot and Continental Insurance Co., Inc., in so-lido, in the sum of $2,562.13. The defendant, Continental Insurance Company, Inc., has appealed.
The evidence shows that the Forty Ar-pent Canal is approximately fifty feet wide with a narrow channel down its center. Mud flats containing tree stumps and logs flank both sides of the channel; and the banks are lined with willows and other trees and shrubbery. At the area of the collision, the canal runs in a north to south direction and is straight for something like one-half mile. At the time of the collision, the defendant, Dave Theriot, was traveling in a northerly direction, and Earliss Breaux was traveling in a southerly direction.
There were only three witnesses to the accident, namely, Dave Theriot, Earliss Breaux, and his passenger, Timothy Robi-chaux. Mr. Theriot testified that at the time of the collision visibility was somewhat limited. He said it was “dusk.” He was traveling about twenty miles per hour near the center of the canal. He did not see the Breaux boat until the very moment of impact. The boats collided with a glancing blow to the left side of each boat. The collision occurred right about the center of the canal. His boat was equipped with running lights but at the time of the accident, they were not lighted. He saw no lights on the Breaux boat. Just prior to the collision, he had been able to avoid some smaller craft equipped with inboard air-cooled motors, because the exhausts emitted sparks that were visible in the approaching darkness.
Mr. Breaux first testified that immediately prior to the collision he was traveling in a southerly direction about fifteen feet from the right bank of the canal, but later he admitted that he was actually about in the middle of the canal. When asked if he could have been a little left of center, he replied: “I wouldn’t know.” He testified that he was traveling about twenty to twenty-five miles per hour. He said he saw the Theriot craft about 100 to 150 feet before the vessels collided. He'said he attempted to avoid a collision by turning to the right, but that he was unable to avoid Mr. Theriot’s craft. However, his claim of taking evasive action is not supported by the testimony of his guest passenger, who did not recall any diversionary movements.
The trial judge in a very able and well written opinion, reviewed and analyzed the evidence; and after a careful examination of all the evidence, we agree that the evidence fully supports the following conclusion of the trial judge:
“The Court finds therefore, that this accident was proximately caused by the joint and contributing negligence of both of the boat operators in failing to take the necessary precautions of lighting their warning lights and of assuming a more reasonable speed and lookout com- *646 mensúrate with the dangerous conditions existing in the narrow canal.”[1]
Counsel for the appellant contends that the Forty Arpent Canal is a navigable body of water, and that if the court should find any negligence on the part of Breaux was a concurrent cause of the collision, then, the appellant argues that any judgment rendered should not be a solidary liability, but that the Divided Damages Rule of Admiralty Law should apply. The trial court correctly disposed of this issue by pointing out that the issue was not raised either in the pleadings, or in the trial of the case. In the absence of proof of the navigability of the body of water, the court could not presume that it was navigable. Burns v. Crescent Gun & Rod Club, 116 La. 1038, 41 So. 249. The Trial Court correctly disposed of this issue by holding the evidence did not show the body of water was navigable.
The next issue is the quantum of damages. The appellant complains that the damages awarded by the District Judge are excessive. The evidence leaves no doubt but that the injuries to Timothy Robichaux disclosed during the trial of this case were caused by this accident. His injuries were obviously very serious as disclosed by the evidence of Dr. Edward G. Rivet, the treating physician. Dr. Rivet found that Timothy Robichaux sustained chest injuries with multiple fractured ribs on the left, abdominal contusions, with a very severe injury to his left kidney. He was hospitalized 32 days, required some five or six blood transfusions and extensive medication with narcotics and sedative drugs. He was left with an anatomical defect, or scarring and twisting of some of the funnels of the upper pole of the left kidney. Taking into consideration all of the circumstances connected with plaintiff’s injuries and bearing in mind that plaintiff sustained a permanent anatomical defect, we do not think the trial judge has abused the great discretion given him as to the amount of damages awarded in the sum of $10,000.00. Furthermore, we find that the special damages for medical expenses in the sum of $2,562.13 is correct.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the appellant, Continental Insurance Company, Inc.
Affirmed.

. See LSA-34:850.16(C) and LRS 34:-851.8(B) (1), which prescribes the lighting requirements of watercraft similar to those involved in the instant mishap.