MILLER, Judge.
Defendant grocer George Theriots, Inc. appeals the jury determination that it was negligent and that plaintiff Mrs. Wesley LeBlanc was not contributorily negligent in causing a display of Wesson Oil bottles to fall. We affirm.
The accident occurred on the morning of February 4, 1970 while Mrs. LeBlanc was shopping. She had placed three or four items in her grocery cart and had picked up a bottle of Wesson Oil from a display located at the end of an aisle. The display was made up of cartons stacked about five or six feet high with each carton containing eight four pound bottles. The bottom carton was unopened, but each of the other cartons was cut to allow customers to see and to easily remove (Tr. 113) the merchandise.
Mrs. LeBlanc removed a bottle from the top carton and was placing it in her cart when the display fell. Fifteen or sixteen bottles broke and one bottle struck and cut her foot. Defendant does not seek a reduction in the $3,500 award to Mrs. LeBlanc and the $543 award to her husband. Plaintiffs did not answer the appeal, so quantum is not before us.
The jury must have been more impressed with Mrs. LeBlanc’s testimony than with that of the store manager and his friend. We find no manifest error in that determination. The jury’s findings of fact, particularly those involving credibility of witnesses, will not be disturbed on appeal unless manifestly erroneous. Bridges v. Wm. T. Burton Industries, Inc., 193 So.2d 886 (La.App. 3 Cir. 1967).
A close reading of the testimony indicates that both defendant’s witnesses were not aware of Mrs. LeBlanc’s movements immediately before the accident. The store manager’s friend Mr. Eagleson saw the display falling and touched the manager to direct his attention to the accident. Tr. 86, 92 & 98. Mr. Eagleson assumed he knew Mrs. LeBlanc’s movements. Tr. 97. At best, their testimony does not explain how Mrs. LeBlanc’s removal of a bottle of Wesson Oil could have caused the display to fall.
Mrs. LeBlanc testified that there were bottles missing from a lower carton and that she did not take a bottle from the lower carton because she thought the display might collapse. Tr. 70 & 76. Mr. Eagle-son denied that bottles were missing from *101 the display but admitted he had not looked for that. Tr. 93. We find ample support for the jury’s rejection of the manager’s testimony that he checked the display 30 minutes before the accident, that there were no bottles missing from the lower cartons and that the display was well braced and secure.
Mrs. LeBlanc was not negligent in removing a bottle of Wesson Oil from the top carton. The grocer was negligent in stacking the display so that bottles could be easily removed from lower cartons. The collapse of the display followed.
Defendant grocer cites Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963) where recovery was denied when two six-bottle cartons of coca-cola fell from a display and struck plaintiff customer’s foot. There were five opinions handed down by our Supreme Court — the majority, three dissents and a concurring opinion. The majority held that the facts and circumstances in Pilie “do not permit the application of the doctrine of res ipsa loquitur because from them we cannot draw the inference that it was National’s negligence, rather than the negligence of others, that caused the cartons to fall.” But in Pilie, neither the shape nor condition of the display was shown. The display had been arranged the day before by coca-cola company employees. Heavy equipment was at work outside the store on the day of the accident. The customer was passing by and was not attempting to select a carton of cokes.
Here, the display of Wesson Oil was set up by defendant. The shape and condition of the display was explained to the jury. The display was designed so that customers could easily remove four pound bottles from lower cartons and create a trap. The removal of a bottle from the top carton should not have caused the collapse of the display. There is no manifest error in the jury’s determination.
Defendant grocer contends that the danger (of the possible collapse of this display) was one which could be observed by the exercise of reasonable care and that plaintiff was therefore negligent for failing to observe it. Spinks v. General Fire & Casualty Company, N.Y., 175 So.2d 339 (La.App. 2 Cir. 1965). In that case plaintiff was in an automobile repair shop and stepped on a mechanic’s creeper projecting from under an automobile. Plaintiff saw the object but thought it was cardboard. The court found that plaintiff could have ascertained that the object was a creeper which he knew was customarily used in the shop. We distinguish that case. Mrs. LeBlanc had no reason to believe that taking a bottle from the top carton would unbalance the display.
The trial court’s judgment is affirmed. Costs are assessed to defendant-appellant.
Affirmed.