BOLIN, Judge.
Plaintiff’s left little toe was broken by a can of peaches which fell from a rack located in the grocery section of a store operated by McCrory Corporation and insured by Continental Casualty Company. Plaintiff, alleging she was an invitee of the establishment and her injuries were caused by the negligence of McCrory or its employees, seeks recovery for her personal injuries and related special expenses. For reasons dictated into the record immediately at the conclusion of the trial, the district judge rejected plaintiff’s demands and she appeals. We affirm the judgment.
The record is brief and there is little, if any, conflict in the testimony. Located in one of the aisles of the grocery store was a platform about eight inches high, upon which several opened boxes of Hunt’s canned peaches were stacked. Plaintiff estimated the height of the stack to be from three to five feet. There was ample room along the aisle for customers to walk. The store was well lighted and neither plaintiff nor any witnesses testified as to the cause of the can falling from the stack. One of McCrory’s employees was near the scene and saw plaintiff immediately after she said her toe was injured. Both plaintiff and the employee testified only one can fell from the rack to the floor.
In rejecting plaintiff’s demands the trial judge stated: -
“The only evidence that we have is that a can fell and struck her left little toe. But why it fell, what caused it to fall, I have absolutely nothing to go on other than speculation or conjecture. And I think she has a burden of establishing that the store employees did something or that they had knowledge of something wrong.”
In briefs before this court counsel for both plaintiff and defendants have cited numerous cases containing the law applicable in a suit for damages by a customer injured on the premises of a retail establishment. Plaintiff concedes that Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963) correctly holds the doctrine of res ipsa loquitur inapplicable in this type of case. In support of plaintiff’s contention that she should recover damages she also cites Henderson v. Westchester Fire Insurance Co. (La.App. 2d Cir. 1964), 161 So.2d 144; Phillips v. Katz & Besthoff, Inc. (La.App.4th Cir. 1969), 225 So.2d 120; LeBlanc v. George Theriots, Inc. (La.App.3d Cir. 1972), 261 So.2d 99. In each of the cited cases, allowing recovery by an injured plaintiff, there was sufficient evidence to prove the negligence of defendants in maintaining either equipment or displays in such a manner as to constitute the hazard which caused the injury. We have given careful consideration to the cited cases and the argument of counsel and find no dispute in the law.
 Liability of a proprietor of a store to his customers is based on fault as used in Louisiana Civil Code Articles 2315 and 2316, and as interpreted in the cases involving facts similar to those before us. It is clear that a storekeeper, or person in control, owes a duty to provide a safe place for customers to shop; however, he is not the insurer of. their safety. This duty of reasonable and ordinary care includes keeping the premises in a reasonably safe condition or warning invitees of known or discoverable hidden perils. In *819 the present case plaintiff has adduced no evidence indicating fault on the part of McCrory or any of its employees; therefore, the trial judge was correct in rejecting plaintiff’s demands.
The judgment is affirmed at appellant’s cost.