ELLIS, Judge.
This is a suit for damages for personal injuries arising out of an accident which happened on the premises of Food Town Store No. 2 in Baton Rouge, Louisiana. Plaintiffs are Mary Jane Taylor and Andrew Taylor, her husband. Defendants are Food Town, Inc. and Continental Casualty Company, its insurer. After trial on the merits, judgment was rendered in favor of defendants, dismissing plaintiffs’ suit and they have appealed.
Mrs. Taylor was shopping at Food Town Store No. 2, and, when the accident happened, was in the soft drink department to get a carton of Coca Cola. The cartons of Coca Cola were in a stack some four or five cartons high. Between each layer of cartons was a sheet of plastic so designed that, when a carton was lifted from the top of the stack, the plastic would roll back, exposing the carton immediately below. The 7-Ups were similarly stacked in a rack adjacent to the Coca Colas, but separated therefrom by a gap estimated at from 18 inches to two feet.
Plaintiff testified that as she lifted the carton of Coca Cola, three quart bottles of 7-Up fell from the adjacent stack and exploded, causing plaintiff’s injuries. She testified that she did not in any way touch or disturb the 7-Up stack, and was unable to account for the fall of the bottles.
Neither party introduced any testimony concerning who had originally stacked the soft drinks on the date of the accident, if the stacks had been replenished, or what, if any, inspection procedures were carried out by Food Town to insure that no hazardous conditions might have existed in the store from time to time.
The manager of the store at the time of the accident was no longer employed by Food Town at the time of the trial, and had left the State. No other personnel who worked in the store at that time was called. The manager of the store at the time of the trial was not permitted to testify as to general clean up practices and inspection employed by Food Town stores in general.
A storekeeper must provide a reasonably safe place for his customers to shop, but is not the insurer of their safety. He must maintain such inspection and clean up procedures as will insure the discovery of hazardous conditions within a reasonable time, and must warn his customers of the existence of such perils when discovered or discoverable.
In cases such as this, the customer bears the burden of proving the negligence of the storekeeper in failing to meet the standards above set forth. However, once the customer has shown the existence of a hazardous condition, and his injury as a result thereof, he is relieved of his burden of proving actual or constructive knowledge thereof on the part of the storekeeper, if it appears that adequate inspection and clean up procedures have not been instituted and carried out by the storekeeper. Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1 Cir. 1970); Welch v. Great Atlantic & Pacific Tea Co., Inc., 273 So.2d 876 (La.App. 1 Cir. 1973). In the latter case, the burden of proof then shifts to the storekeeper to show that the hazardous condition has not existed for such a period of time as to have been reasonably discoverable and that it was not due to his own negligence.
In this case, plaintiff has shown that she was injured by flying glass from a bottle which fell due to an unknown cause. We are asked to draw from this circumstance an inference that a hazardous condition did exist with respect to the 7-Up bottles. This we are unable to do. The bottles might have fallen for any number of reasons, not all of which would presuppose the existence of a hazardous condition with respect to the bottles. Failing proof *490 of a hazardous condition and injury resulting therefrom, there is no need for a showing that adequate inspection and clean up procedures are followed. We therefore hold that plaintiffs have failed to carry their burden of proof. See Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963); Ziegler v. McCrory Corporation, 278 So.2d 817 (La.App. 2 Cir. 1973).
The judgment appealed from is affirmed at plaintiffs’ cost.
Affirmed.