300 So.2d 479 (1974)
Andrew TAYLOR et ux.
v.
CNA INSURANCE GROUP et al.
No. 54334.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied October 11, 1974.
Walton J. Barnes, Arthur J. Boudreaux, III, Barnes & Barnes, Baton Rouge, for plaintiffs-applicants.
Paul H. Spaht, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendants-respondents.
MARCUS, Justice.
Upon application of plaintiffs, we granted certiorari in this matter so that we might review the judgment of the Court of Appeal holding that the doctrine of res ipsa loquitur could not be applied to permit recovery from defendants Food Town, Inc. and its insurer Continental Casualty Company.
On September 24, 1974, plaintiff Mary Jane Taylor,[1] accompanied by her daughter, entered Food Town No. 2, a self-service supermarket, to shop for groceries. In the course of her shopping, intending to buy a carton of Coca-Colas, she proceeded down an aisle containing the store's soft drink display.
The soft drink display consisted of six-bottle cartons of soft drinks stacked one on top of the other about three or four cartons *480 high. Between each layer of cartons was a sheet of plastic which rolled back when a carton was lifted from the top of the stack to display the cartons immediately below.
When Mrs. Taylor drew near that section of the display containing the Coca-Colas, she stopped her grocery cart which she had been pushing and reached for one of the cartons of Coca-Colas on the top of the stack. The Coca-Cola cartons were apparently stacked together in one section of the display. To the left of these cartons and separated therefrom by an empty gap estimated from eighteen inches to two feet stood a similar stack of 7-Up cartons. It seems that on top of the stack of 7-Ups stood several separate quart bottles of 7-Ups which had been removed from their cartons.
Immediately upon lifting the top carton of Coca-Colas, the plastic sheet beneath rolled back, and three quart bottles of 7-Ups on the top of the adjacent stack fell. Upon impact with the floor, the three bottles of 7-Up burst, scattering glass fragments over the area, one of which cut a gash in the lower part of plaintiff's leg.
At trial, Mrs. Taylor testified that she did not in any way touch or disturb the 7-Up stack when she reached for and lifted the carton of Coca-Colas. Plaintiff's testimony is corroborated by that of her daughter. However, on cross-examination, plaintiff was questioned in connection with her conversation with an insurance adjuster some four days after the accident. The transcript of this testimony is as follows:
"Q. [By Mr. Guglielmo]
Do you remember when this lady by the name of Mrs. Jo Samford from the insurance Company talked to you and it was on October 28 at 2:30 P.M., it was four days after this accident?
"A. [By Mrs. Taylor]
Yes, Sir.
"Q. And do you remember telling her that you just can't say whether the seven-ups were next to the coca colas or whether they were on top or not?
"A. I probably did, Sir.
"Q. Because, and I am quoting from the statement and if it is wrong you correct it. You said, `because I really wasn't paying that much attention.' Do you remember telling her that?
"A. Well, that's right, I was getting the cokes as I told you before. I was interested in the cokes."
It is urged by defendants that it was only at the trial of this matter, approximately thirteen months subsequent to the accident, that plaintiff suddently became so certain that the 7-Up bottles which fell were located some eighteen to twenty-four inches from the Coca-Colas which she removed. Whereas, Mrs. Taylor admitted four days after the accident that she did not know where the 7-Up bottles were located that fell.
We are impressed by the findings of the trial judge, who heard and saw the witnesses. He stated in his written reasons for judgment:
"Whether the movement by the plaintiff of the cartons disturbed the other arranged bottles and cartons causing the seven-up bottles to fall has not been established; however, there seems to be a reasonable inference that this is what may have occurred." (Emphasis ours)
The other evidence adduced at the trial did not add much. the plaintiff called a Mrs. Eula Hunt who was a customer in the store at the time; however, since she did not see the bottles fall, her testimony was not very helpful.
The manager of the store at the time of the accident was no longer employed by Food Town at the time of the *481 trial and was unavailable to testify. Plaintiff called the manager of the store at the time of the trial under Article 1634 C.C.P.; however, upon defense objections, he was not permitted to testify as to general stacking, cleanup, inspection or policing policies employed by Food Town stores in general. The record clearly reflects that he had no knowledge of the manner in which the soft drinks were shelved or displayed in Food Town No. 2 at the time of the accident. We find that the trial judge properly excluded this testimony. Thus, neither party introduced any evidence establishing who had originally stacked the soft drinks on the date of the accident, what condition the stacks were in at the time, or what, if any, inspection procedures were employed by Food Town to discover and correct any unsafe conditions occurring in the store from time to time.
For reasons previously quoted, the trial judge concluded that the doctrine of res ipsa loquitur did not apply under the facts of this case. The Court of Appeal affirmed, citing Pilie v. National Food Stores, Inc., 245 La. 276, 158 So.2d 162 (1963) and Ziegler v. McCrory Corporation, 278 So.2d 817 (La.App.1973).
The sole issue presented to us for review is the applicability of the doctrine of res ipsa loquitur to the particular facts and circumstances of this case.
The landmark case in the jurisprudence of this State concerning the doctrine of res ipsa loquitur is Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (1957). Therein, we stated:
"A determination of a proper instance for application of the principle of res ipsa loquitur has been the subject of volumes of discussion by learned jurists and legal scholars, who have been at pains to point out that the maxim means only that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that the rule rests for its justification upon the common experience that accidents from such causes do not commonly occur in the absence of negligence; and that it is the lack of direct evidence indicating negligence on the part of the defendant as the responsible human cause of a particular accident which actually furnishes the occasion and necessity for invoking the rule in its strict and distinctive sense. It is generally conceded that res ipsa loquitur in no way modifies the rule that negligence will not be presumed. The application of the rule does not, therefore, dispense with the necessity that the plaintiff prove negligence, but is simply a step in the process of such proof, permitting the plaintiff, in a proper case, to place in the scales, along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence, thereby obtaining an advantage and placing on the defendant the burden of going forward with proof to offset that advantage. When all the evidence is in, the question is still whether the preponderance is with the plaintiff. All that is meant by res ipsa loquitur is `that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of other evidence bearing on the subject, the inference that the accident was due to the negligence of the one having control of the thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that, unless an explanation can be given, the only fair and reasonable conclusion is that the accident was due to some omission of the defendant's duty.'
* * * * * *
"It necessarily follows that the maxim is not appropriate where, from the nature of the facts, it is reasonable to assume that the actions of the defendant may have been caused by the negligence of another. In the case of Morales v. Employers' Liability Assur. Corp., 202 La. *482 755, 12 So.2d 804, this Court aptly stated: `It is the duty of the plaintiff to prove negligence affirmatively; and, while the inference allowed by the rule of res ipsa loquitur constitutes such proof, it is only where the circumstances leave no room for a different presumption that the rule applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it can not be invoked.' 202 La. at page 769, 12 So.2d at page 808."
In the case of Pilie v. National Food Stores, Inc., supra, Mrs. Pilie was pushing her grocery cart down an aisle containing a soft drink display in a National Food Store supermarket when, without touching the display with either her body or her cart, a carton of bottles fell, injuring her. Mrs. Pilie was unable to prove how the carton fell. In holding that the doctrine of res ipsa loquitur did not apply in that case, we stated:
"As pointed out previously, our own jurisprudence is in accord with the view that each case must be decided on its own facts and circumstances, and that res ipsa loquitur will not be applied unless the facts and circumstances indicate that the negligence of the defendant, rather than the negligence of others, is the most plausible explanation of the accident. Accordingly in answer to plaintiffs' question of law, the facts and circumstances of this case do not permit the application of the doctrine of res ipsa loquitur because from them we cannot draw the inference that it was National's negligence, rather than the negligence of others, that caused the cartons to fall."
We are satisfied that the doctrine of res ipsa loquitur does not apply where the facts are such that one could reasonably infer therefrom that the accident was due to a cause other than the defendant's negligence. It is our opinion that the accident, together with all the attending circumstances, must warrant an inference, not of negligence only, but of defendant's negligence. We might add that the fact that the accident gives rise to several inferences, each one of which suggests a different cause of the accident, does not concern us as long as they all point to the negligence of defendant.
In the present case, there is a reasonable inference that the accident might have been caused by the negligence of the plaintiff in the manner in which she took the carton of Cokes from the shelf. The plaintiff's testimony, taken as a whole, indicates that she might not have been paying proper attention under the circumstances. Furthermore, this is borne out by the findings of the trial judge. Also, it would seem that the facts of this case are stronger for not applying the doctrine of res ipsa loquitur than those in the Pilie case. In that case, it was conceded that the accident was not caused by reason of fault or negligence of Mrs. Pilie, as she was in no way involved in taking the soft drinks from the soft drink display. However, here, plaintiff was removing a carton of Cokes from the soft drink display when the accident occurred. We are unable to say under the attending circumstances of the accident in this case that there is only an inference of defendant's negligence. We feel that it is just as reasonable to conclude that there is an inference of plaintiff's negligence.
Thus, we conclude that the doctrine of res ipsa loquitur does not apply in the instant case. The record clearly reveals that plaintiffs failed to prove any negligence on the part of Food Town. The Court of Appeal properly dismissed plaintiff's claims.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
BARHAM and DIXON, JJ., dissent.
NOTES
[1] Mrs. Taylor's husband, who is a party plaintiff to the suit, seeks recovery for medical expenses incurred as a result of her injuries.