BEER, Judge,
dissenting.
The display shelves in question consist of one bottom shelf, 24" deep, with several shelves above, each 21" deep. The bottom shelf is approximately one foot from the floor and is designed so that merchandise can be stacked vertically. Mrs. Johnson testified that as she reached for a package of small juice cans, at least three of the larger juice cans, which were stacked on the bottom shelf, fell. Two struck Mrs. Johnson’s left leg. She denies touching the cans prior to the accident.
Mrs. Johnson did not notice the manner in which the cans were stacked on the shelf. She notified a security guard that the accident had occurred and, at that time, “. . . the cans were still on the floor and the other ones was disarranged on the shelf.” The security guard, Paul Oubre, testified that he did not witness the accident which Mrs. Johnson reported to him. However, his testimony includes the following exchanges:
“. . . she was reaching up to reach for the six pack of orange juice, the bottom portion of her leg apparently just touched something.
THE COURT:
Did she tell you that?
THE WITNESS:
Yes, sir, when she was reaching up for the orange juice she said she touched the shelf itself and the can of Hawaiian Punch fell down, this caused the injury. BY MR. MARSHALL:
Q. Is it your testimony that she said she touched the can that fell and struck her?
A. Yes, sir, right.”
Mr. Jack Pereira, the store manager, testified that the store’s policy is to neatly stack the merchandise and to maintain it in that condition, although he acknowledges that customers do pick out cans and sometimes replace them improperly. Twenty porters and thirty stock clerks participate in the supervision and inspection of the merchandise display and selection area to eliminate potentially harmful irregularities.
Appellee suggests that we affirm by simply applying the doctrine of res ipsa loqui-tur. Yet, we may not apply the doctrine where there is a reasonable inference that the accident may have been caused by acts of commission or omission other than the defendant’s negligence; moreover, only in the event that all the attendant circumstances demonstrably warrant a reasonable inference of defendant’s negligence, may the doctrine be utilized. Taylor v. CNA Insurance Group, 300 So.2d 479 (La.1974); Pille v. National Food Stores of La., Inc., 245 La. 276, 158 So.2d 162 (La.1963); Green v. Schwegmann Bros. Giant Supermarkets, Inc., 325 So.2d 621 (La.App. 4th Cir. 1976). In Taylor v. CNA Insurance Group, supra, the Louisiana Supreme Court observed:
“We are satisfied that the doctrine of res ipsa loquitur does not apply where the facts are such that the accident was due to a cause other than the defendant’s negligence. It is our opinion that the accident, together with all the attending circumstances, must warrant an infer *193 ence, not of negligence only, but of defendant’s negligence. We might add that the fact that the accident gives rise to several inferences, each one of which suggests a different cause of the accident, does not concern us as long as they all point to the negligence of defendant. In the present case, there is a reasonable inference that the accident might have been caused by the negligence of the plaintiff in the manner in which she took the carton of Cokes from the shelf. The plaintiff’s testimony, taken as a whole, indicates that she might not have been paying proper attention under the circumstances. Furthermore, this is borne out by the findings of the trial judge. Also, it would seem that the facts of this case are stronger for not applying the doctrine of res ipsa loquitur than those in the Pilie case. In that case, it was conceded that the accident was not caused by reason of fault or negligence of Mrs. Pi-lie, as she was in no way involved in taking the soft drinks from the soft drink display. However, here, plaintiff was removing a carton of Cokes from the soft drink display when the accident occurred. We are unable to say under the attending circumstances of the accident in this case that there is only an inference of defendant’s negligence. We feel that it is just as reasonable to conclude that there is an inference of plaintiff’s negligence.”,
Here, there is a reasonable inference that Mrs. Johnson caused the accident by the manner in which she reached for the small juice cans which is just as strong as any other possible inference.
Kavlich v. Kramer, 315 So.2d 282 (La.1975), and Gonzales v. Winn-Dixie La., Inc., 326 So.2d 486 (La.1976), are similar but very distinguishable in that they involve slip and fall occurrences. Furthermore, those decisions emphasize that a self-service grocery system encourages customers to focus their attention on the shelves where the merchandise is located. In those cases where it is shown that some foreign substance has triggered the slip-fall-injury sequence, the burden shifts to the defendant to exculpate itself from a presumption of negligence. But, such presumption should not apply where cans are on their proper shelves and, thereafter, are caused to fall without some proof that they were improperly placed or stacked.
This case is not comparable to the various “exploding bottle” cases where the record supports a conclusion that the plaintiff was injured by the unexplained breaking apart of a soda pop bottle. Here, the only evidence of causation produced by plaintiff was her own testimony that some large juice cans fell just as she reached for a package of small juice cans. The testimony that defendant employs numerous persons to properly supervise, inspect and maintain the display shelves is uncontested. With no indication or justifiable presumption as to how the incident was triggered, the determination of negligence on the part of this defendant constitutes a refutation of the basic concept that the plaintiff has the burden of proof.
Accordingly, I respectfully dissent.