DOMENGEAUX, Judge.
This case involves the recovery for damages arising out of a boating accident.
On June 1, 1974, plaintiff, William Rue, and his two sons, Louis and Joe, were boating on the Cane River in Natchitoches Parish, Louisiana. On the same day, Brad Cohen, son of the defendant’s insured, Morris Cohen, was also boating on the Cane River in his father’s boat accompanied by some friends. The Cohen and Rue boats collided, and it is this collision which forms the basis of the suit.
At the time of the accident, both groups were engaged in water skiing maneuvers. The Rue boat was proceeding in a southerly direction in the southbound lane, or east half, of the river. Mr. Rue was driving, Louis was a passenger, and Joe was water skiing in the rear. The Cohen boat was proceeding in a northerly direction; however, it was in the southbound lane of the river, the same lane as the Rue boat. Mr. Richard Whittington was driving, other passengers were riding in the boat, and Brad Cohen was water skiing in the rear. The Cohen boat had just taken off. It should be noted that the Cane River gently curves in the area of the accident.
There is some dispute as to exactly how the accident occurred. Mr. Rue maintains that when he saw the Cohen boat heading towards him, he turned his boat to the right, or toward the west bank of the river, in order to avoid the collision. He states that the Cohen boat also turned to the west in an effort to avoid the collision, and that he thereon went further to the right. Defendant’s driver, Whittington, maintains that when he saw the Rue boat, he turned to his right, or to the east, in order to reach the east bank. However, he maintains that the Rue boat also turned towards the east bank, whereupon he states that he turned towards his left, or towards the west bank. However, he further maintains that the Rue boat changed its direction and began steering towards the west bank. Nevertheless, the boats ultimately collided when the front of the Rue boat ran into the right side of the Cohen boat near the west bank of the river.
Mr. Rue filed this suit on May 14, 1975, against the Cohen insurer, Continental Insurance Company, on his own behalf and on behalf of his minor son, Louis seeking to recover for his and his son’s personal injuries. After trial, the district judge found that both drivers were negligent in the operation of their respective boats, and he, therefore, found that William Rue could not prevail on his own claim because of contributory negligence. With regard to Louis, the trial judge entered judgment for $1,000.00 in favor of the minor and against Continental Insurance Company. With regard to Continental’s third party demand against Mr. Rue for contribution, the trial judge condemned Mr. Rue to pay $500.00 to Continental for one-half of the sum due Louis. All costs, including expert witness fees, were assessed against the defendant. After the denial of a motion for a new trial, plaintiff perfected this devolutive appeal. Defendant has answered the appeal contending that the trial court should have cast Mr. Rue for half of the court costs.
There are six issues presented in this appeal:
(1) Whether general maritime law or Louisiana tort law applies;
(2) Whether there are sufficient facts in the record to support the finding of contributory negligence on the part of William Rue;
(3) Whether special damages on behalf of the minor, Louis Rue, were properly denied;
(4) Whether the amount of damages awarded the minor was an abuse of discretion;
(5) Whether the judgment is consistent with the written reasons; and
(6) Whether defendant was properly cast for all costs of the proceedings.
*632 With regard to the first issue, plaintiff maintains that the Cane River is a navigable body of water and that, since this accident occurred on a navigable body of water, maritime law controls. It is crucial to observe, however, that, although plaintiff’s original petition alleged the application of maritime law primarily, and alleged state tort law only in the alternative, at the opening of trial, plaintiff’s counsel made clear that he was pursuing his case in tort. No evidence of the navigability of the Cane River was ever introduced at trial.[1] It is well established that in the absence of proof of the navigability of a waterway, the court cannot presume navigability. In the absence of navigability, state tort law applies. Robichaux v. Theriot, 242 So.2d 644 (La.App. 1st Cir. 1970).
The second issue concerns the contributory negligence of William Rue.. There are two possible grounds for finding contributory negligence presented in this case. One would be the failure to maintain a proper lookout, and the other would be the failure to reduce speed once Mr. Rue saw the Cohen boat heading towards him.
Both of these propositions are supported in the record. Mr. Rue’s son, Joe, was behind the boat on skis. He testified that when he first saw the Cohen boat, it appeared to be motionless in the water and that he observed it starting up in order to pull the skier out of the water. When this is contrasted with Mr. Rue’s testimony to the effect that when he first saw the Cohen boat, they were already under way, it is apparent that the skier, Joe, saw the Cohen boat before the driver, Mr. Rue. Furthermore, Mr. Rue testified that immediately before the accident, he wanted to turn around by the curve in the river. However, this could not be done because there was a girl on a float in the river, and, after she passed, there was another boat pulling two skiers. It was only when he was coming out of the curve in the river that he saw the Cohen boat.
We feel that this testimony could lead to the conclusion that Mr. Rue was preoccupied with other traffic, and, therefore, was not keeping a proper lookout. Furthermore, it is significant to note that Mr. Rue admitted on cross-examination that his wife refused to ride with him in the boat because he had a propensity to look too much to the rear at the skiers.
The second proposition is also supported by the record. Brad Cohen, the skier behind the Cohen boat, testified that when both drivers began their tactics to avoid a collision, had the gasoline source been cut from the motors, the accident could have been avoided. Whittington, the Cohen driver, testified that as soon as it became apparent that both he and Mr. Rue were heading towards the same bank of the river, he immediately cut his throttle.[2] He also stated that at the time of impact, his boat was still or nearly still. On the other hand, Mr. Rue testified that he thought he could outrun the Cohen boat to the bank of the river. Furthermore, it is clear that after the impact, the Cohen boat was motionless in the water and the Rue boat was going around in circles.
Under the circumstances presented in this case, we find that the trial judge was not manifestly erroneous in his conclusions that Mr. Rue’s negligence contributed to the accident. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The next issue raised by plaintiff concerns whether it was erroneous to deny special damages on behalf of the minor, Louis Rue, when an award of general damages had been made. This issue has clearly been disposed of in previous cases. The rule is that a parent cannot recover special damages incurred on behalf of a minor child, where that parent is found to have been contributorily negligent. Romero v. General Accident Fire and Life Assurance Corporation, 199 So.2d 607 (La.App. 3rd Cir. *633 1967); Thibodeaux v. Jack’s Cookie Corporation, 169 So.2d 918 (La.App. 3rd Cir. 1964), writ refused 247 La. 365, 171 So.2d 479 (1965). The trial judge, therefore, was not in error by denying special damages.
The next issue concerns plaintiff’s contention that the amount of general damages awarded on behalf of the minor were. inadequate.[3] Plaintiff attempted to prove at trial that Louis’ injuries were of a serious character and that he had undergone emotional difficulty as a result of the accident. The trial judge, however, found that the child’s emotional problems were unrelated to the accident.
We have carefully reviewed the battery of medical and psychological data introduced into the record in this regard. We note several interesting points. Louis was tested both before and after the accident by the Department of Special Education at Northwestern State University in Natchi-toches. A before and after comparison of the test results reveals no significant difference in the child’s mental abilities.
Louis was also seen by two psychiatrists, Dr. Edward H. Leatherman and Dr. Erie Harris, both of whom testified by way of depositions. Doctor Leatherman’s conclusion was that the child’s emotional problems were unrelated to the boating accident. Doctor Harris, however, felt that the emotional problems were related to the accident. However, he qualified his testimony by indicating that had he known of the test given before the date of the accident, as well as further case history, his conclusion might have been different.
Under these circumstances, we cannot say that the trial judge was erroneous in his conclusions that the child’s emotional problems were unrelated to the accident. Canter v. Koehring, Co., supra.
The $1,000.00 awarded by the trial judge was obviously for the boy’s physical suffering. Doctor Joseph A. Thomas treated Louis’ physical injuries. In his deposition, Doctor Thomas stated that Louis suffered from myositis, a contusion, and muscle spasms as a result of the incident. He also stated that Louis should have recovered from these injuries in approximately one to two weeks following the collision. Under these facts, we conclude that there was no abuse of discretion on the part of the trial judge. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The next issue involves plaintiff’s contention that the judgment rendered is inconsistent with and contrary to the trial judge’s written reasons.
The trial judge’s written reasons state in part:
“The Court awards Louis Rue the sum of $1,000.00 for his injuries; to be paid jointly, in solido, by William Rue and Continental Insurance Companies; with legal interest from date of judicial demand until paid; Continental Insurance Companies to pay all costs.”
The judgment states, in part:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Louis Rue, against Continental Insurance Companies, in the full sum of $1,000.00 plus legal interest from date of judicial demand until paid, plus all cost of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Continental Insurance Companies and against William Rue for one-half of the sum of Louis Rue, which is $500.00 plus legal interest from date of judicial demand until paid, but all cost to be paid by Continental Insurance Companies.”
Obviously, the . trial judge indicated an intent in his written reasons to award Louis Rue $1,000.00 in a manner such that one-half of the judgment would be borne ultimately by Continental and one-half by William Rue. Although the trial judge did not use identical language in his written reasons and judgment, the end result is the same in this case. Clearly, the written rea *634 sons and final judgment are not inconsistent with and contrary to each other. We thus find no merit to plaintiff’s contention.
The final issue in this case comes by way of defendant’s answer to the appeal. Defendant maintains that plaintiff should be cast for one-half of the costs of these proceedings. Under the circumstances presented in this case, we do not feel that the trial judge abused his discretion in assessing all costs against the insurer. Code of Civil Procedure Article 1920.
For the above reasons the judgment of the District Court is affirmed. Costs on appeal are assessed one-half against the plaintiff, William Rue, and one-half against the defendant, Continental Insurance Company.
AFFIRMED.
WATSON, J., concurs in the result.

. We also find it significant to note that the failure to apply maritime law was not raised in plaintiff’s motion for a new trial.

. We note that this testimony was contradicted by Mr. Rue, who stated that the Cohen boat was not slowing down before impact.

. Defendant does not seek a decrease in the award.