WATSON, Judge.
This lawsuit resulted from a collision between two 14 foot aluminum boats in a curve of Bayou Lacassine on April 25,1977. The plaintiff brothers, Abbie and Emra Guillory, filed suit for personal injuries and property damage, and defendant, Steven F. Bertrand, reconvened for property damage to his boat and motor. Don Sonnier Bertrand, a minor passenger in the Bertrand boat, was originally named as a defendant, but the suit against him was dismissed without prejudice.
The trial court found the testimony of the witnesses unimpressive, concluded that neither plaintiffs nor defendant had carried the burden of proof and dismissed both the principal and reconventional demands. Plaintiffs have appealed, alleging that the trial court erred in failing to admit a photograph into evidence and that the judgment is manifestly erroneous.

FACTS

The Bertrands were headed north, upstream, after looking for fish on their “limb lines” (TR. 33). The Guillorys were going south, downstream, checking their four gill nets. The Bertrand boat had a 20 horsepower Mercury engine and the Guillory boat a 9V2 horsepower motor. The left front of the Bertrand boat collided with the left front of the Guillory boat.
The bayou is 90 to 100 feet wide at the site of the accident. The curve or turn at that point is caused by a point of land *146 protruding from the east bank. It is impossible to determine from the record exactly why the two boats collided. The Guillory theory is that the Bertrands were going too fast and swung wide at the turn. The Bertrand theory is that the Gullorys were drunk and/or inattentive. The occupants of both boats claimed that they were proceeding on the right. The trial court found it “extremely possible” (TR. 18) that the accident occurred more on the west or Guil-lory side of the bayou than on the east or Bertrand side. The Guillorys had a net across the bayou in the vicinity of the impact. They testified that their boat was stopped and Abbie was standing or stooping in the front about to pick up the net when the impact occurred. This was disputed by both the Bertrands, who said they had crossed the net prior to the accident. Steven Bertrand said he had turned off his motor before the crash, but his passenger said the motors of both boats were running when the collision occurred.
The impact threw Abbie Guillory into the water and he received a skull fracture. The Guillory boat then turned over and Emra, the driver, also went into the water. The injured Abbie, aged 62, and Emra, a man in his late fifties with a wooden leg, had trouble getting out of the water. The Ber-trands attributed this to intoxication and claimed they towed the Guillorys to the bank. Emra denied receiving assistance and said he alone took his brother to the shore. According to the Guillorys, Emra had nothing to drink that day and Abbie only 2 beers. The various witnesses agreed that the Guillorys emerged from the bayou on the west bank.
John Milton Bertrand, who took the Guil-lorys to the Welsh General Hospital, testified that the Guillorys showed signs of intoxication. However, the trial court did not regard him as a credible witness. Patricia Bebee Pousson, who was present in the emergency room, testified that Abbie, who was the injured passenger, [referred to in the record as Guillory in the blue] appeared to be intoxicated.
A photograph of the Guillory boat post-accident (P — 4) was sufficiently identified by Emra Guillory to be admissible in evidence and was improperly excluded by the trial court. The trial court erred in requiring that the photographer be produced as a witness. The testimony by a credible witness (TR. 204-5) that the picture accurately portrayed the condition of the boat after the accident was sufficient to admit the picture into evidence. However, its probative value as to the cause of the accident is slight and it does not establish the dollar value of the damage. The trial court’s refusal to allow the picture into evidence does not prejudice plaintiffs on appeal since it was made a part of the record as an offer of proof.
Emra Guillory [referred to as Guillory in the brown] claimed damages for replacement of his wooden leg in the sum of $886.07. The cost of the damage to his boat was not established. His brother Abbie was transferred from Welsh to Lake Charles Charity Hospital for treatment of his head injury, described as “. . .a fracture in the posterior parietal and occipital area on the left without depression.” (P-1, pg. 2). He was flown by helicopter to a Houston hospital where he remained for three days. His only residual from the accident was a six month period during which, according to his testimony, he had headaches and dizziness. No expert medical testimony was presented.

CONCLUSION

There is no allegation, argument or proof that Bayou Lacassine is a navigable stream. Since navigability is not presumed, maritime law is not applicable. Johnson v. State Farm Fire and Casualty Company, 303 So.2d 779 (La.App. 3 Cir. 1974); Rue v. Continental Ins. Co., 366 So.2d 629 (La.App. 3 Cir. 1979), writ denied, 369 So.2d 153 (La.). Therefore, the matter must be decided under the general tort law of Louisiana.
The trial court found “. . .no preponderance of the evidence either as to the main demand or as to the reconventional demand.” (TR. 19). The reconventional *147 demand is not at issue in the appeal, but, apart from the liability issue, there was no evidence presented of the damage to the Bertrand boat, and the reconventional demand was, in effect, abandoned. (See TR. 133).
Counsel for plaintiffs contends that, even if Emra Guillory was at fault in the accident and barred from recovery, his passenger, Abbie, should recover against the other responsible party, Steven Bertrand. The issue is whether the trial court erred in finding that Steven Bertrand’s negligence was not established by a preponderance of the evidence.
A frontal collision between two small boats in a relatively large area of water is difficult to understand. Both boats were unable to stop or otherwise avoid the accident, indicating careless and reckless operation in violation of LSA-R.S. 34:850.4, 34:850.5, and 34:851.9(A).[1] However, there is no physical evidence to establish the cause of the accident and the trial court concluded that none of the witnesses appeared to be telling the complete truth about what happened. We concur with the trial court that it is impossible to determine what actually occurred.
The accident obviously resulted from negligence. However, an inference of negligence on the part of defendant Bertrand does not arise, because it is equally plausible that the collision was caused by Emra Guillory’s negligence. When it is impossible to determine which negligent act has caused an injury, the evidentiary rule of res ipsa loquitur does not aid plaintiff in proving causation. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); Taylor v. CNA Insurance Group, 300 So.2d 479 (La., 1974). While it is possible that the operators of both boats were negligent, it is equally probable that the accident resulted from the fault of only one. When there are two possible wrongdoers, one cannot assume that either or both caused the damage to plaintiff. Plaintiff Abbie Guillory did not prove it more probable than not that his accident was caused by the negligence of defendant Bertrand. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La., 1977). Plaintiff has also failed to establish by a preponderance of the evidence that negligence on the part of Bertrand was a substantial factor in causing his injury. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
The record indicates that Abbie Guillory was both intoxicated and standing up in the front of the boat. The impact between the two boats was not severe. Even if both drivers were negligent, there is a strong possibility that Abbie’s injury would not have occurred but for his own fault. This factor undoubtedly weighed in the trial court’s decision. (See TR. 18).
There is no proof of a defect in the Bertrand boat creating an unreasonable risk of injury to others which would bring the matter within the scope of LSA-C.C. art. 2317.[2] *148 Arceneaux v. Dominque, 365 So.2d 1330 (La., 1978); Loescher v. Parr, 324 So.2d 441 (La., 1975).[3]
The trial court was not clearly wrong in dismissing plaintiff’s suit. Arceneaux v. Domingue, supra.
For the foregoing reasons, the judgment of the trial court herein is affirmed at the cost of plaintiffs-appellants, Abbie and Emra Guillory.
AFFIRMED.

. LSA-R.S. 34:850.4: Careless operation
“Any person who shall operate any watercraft in a careless or heedless manner so as to be grossly indifferent to the person or property of other persons, or at a rate of speed greater than will permit him in the exercise of reasonable care to bring the watercraft to a stop within the assured clear distance ahead, shall be guilty of the crime of careless operation, punishable by a fine of not more than $300.00, or by imprisonment of not more than 30 days, or by both such fine and imprisonment.”
LSA-R.S. 34:850.5: Reckless operation “Any person who shall operate any watercraft in such a manner as to endanger the life or limb, or damage the property of any person, shall be guilty of the crime of reckless operation, punishable by imprisonment of not more than 90 days, or by a fine of not more than $500 or by both such fine and imprisonment.”
LSA-R.S. 34:851.9: Prohibited operation “A. No person shall operate any motorboat or vessel, or manipulate any water skis, surfboard, or similar device in a reckless or negligent manner so as to endanger the life or property of any persons.”

. LSA-C.C. art. 2317:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.”

. If the collision were analogized to one between motor vehicles and if the French interpretation of the Code Napoleon article corresponding to our Civil Code article 2317 were utilized, there would be a presumption of responsibility. See Tort Doctrine, Volume 12 of Louisiana Civil Law Treatise by Ferdinand F. Stone, § 397, page 523.