Dear Representative Johns:
This is in response to your recent request pertaining to Black Bayou and reiterating the request of former Rep. Timothy D. Stine.
Both your request and that of Mr. Stine attached a portion of a U.S.G.S. quadrangle map, which depicts the locations of five (5) gates which block tributaries of Black Bayou.
You ask that we evaluate and determine which areas of Black Bayou and the surrounding tributaries are navigable and accessible by the public at large. Further, the question has arisen as to who has standing to enforce Louisiana law which allows the public at large to use navigable water bodies owned by the State.
Upon receiving the initial request, we contacted the State Land Office for a report on tidal influence and navigability. Additionally, we sought assistance from the Coastal Management Division of the Department of Natural Resources for a review of aerial photography and salinity data pertaining to both the water column, water beds and marshes in the vicinity of interest. Following several field inspections and a review of the original government township surveys, as well as quadrangle maps, aerial photography and a review of the field survey notes, it is concluded that the subject areas are navigable, were so navigable at the time of sovereignty and likely supported commercial navigation of the type and kind then in use. For this reason, it is unnecessary to consider tidal influence, the federal navigational servitude and related jurisprudence.
Based upon our review of this information and a report of the Chief Engineer for the State Land Office, we have concluded that Black Bayou and the tributaries of interest here are of substantial enough width and depth to actually support navigation of the type common to the area. Moreover, Black Bayou and the tributaries of interest here support navigation for commercial purposes and are actually navigated for these purposes, such as hunting, fishing, trapping and oil and gas exploration and development, as well as recreational purposes at the present time.
Under law, a body of water is navigable when it is navigable in fact. See State v. Jefferson Island Salt Mining Co.,183 La. 304, 163 So. 145 (1935) cert. den. 297 U.S. 729,56 S.Ct. 667, 80 L.Ed. 1001; State v. Sweet Lake Land OilCo., 164 La. 240, 113 So. 833 (1927); Delta Duck Clubv. Barrios, 135 La. 357, 650 So. 489 (1914). The factual question turns on whether the evidence shows a body of water to be suitable by its depth, width and location for commerce, as it does in this instance, whether so actually used or not. Burns v. Crescent Rod Gun Club, 116 La. 1038,41 So. 249 (1906).
This office represented the interests of the State and the St. Landry Parish Police Jury in a matter very similar to the one now at hand in the matter styled State of Louisiana, ex relWilliam J. Guste, Jr., Attorney General v. TwoO'Clock Bayou Land Co., Inc., 365 So.2d 1174 (3rd Cir. 1978), writ refused, 1979. In that case, the 3rd Circuit reaffirmed the jurisprudence of this State, cited above, that "a body of water is navigable in law when it is navigable in fact.", at page 1177.
The court further upheld the right of the State to obtain an injunction from obstruction of the Bayou under these circumstances, citing the Louisiana Criminal Code, La. R.S.14:96 and 14:97. See also, Civil Code Art. 450.
Thus, under the circumstances, we conclude that Black Bayou and the tributaries blocked by gates are navigable and navigable at the location where the obstructions have been placed. These waters should be freely accessible to the public at large, and their continued blockage constitutes an obstruction of a highway of commerce under the cited articles of the Criminal Code, namely, R.S. 14:96, aggravated obstruction of the highway of commerce, and R.S. 14:97, simple obstruction of a highway of commerce.
Under the circumstances, these obstructions are contrary to law and should be removed. Any affected party, including the District Attorney of the Judicial District, has the right to go forward to enjoin the further blockage of these navigable waterways.
We hope this opinion is of benefit and if we may be of further assistance, please let us know.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _________________________________ GARY L. KEYSER, CHIEF Lands Natural Resources Section
RPI/GLK:bb